123 So.2d 387 (1960)
David H. UGENT and Stanley S. Stein, Co-executors of the Estate of Rodrich N. Boehmke, Deceased, Rudolph Boehmke and Paul Boehmke, Appellants,
v.
Herbert BOEHMKE, Appellee.
No. 60-53.
District Court of Appeal of Florida. Third District.
October 3, 1960.
Waldo G. Rothenberg, So. Miami, for Rudolph Boehmke.
Courshon & Goldworm, Miami Beach, for Stanley S. Stein.
Sylvester P. Adair, Homestead, for Paul Boehmke.
Martin S. Schwartz, Coral Gables, for David H. Ugent.
*388 Walsh, Simmonite, Budd & Walsh, Miami, for appellee.
HORTON, Chief Judge.
The appellee, plaintiff below, brought suit as a beneficiary to enforce the provisions of a joint and mutual will executed in 1953, devising to him certain real property located in Dade County.
Rodrich Boehmke and his wife, Kathryn, executed a joint and mutual will in 1953 which, among other things, sought to dispose of certain real property held by them as an estate by the entireties. The property was devised to the survivor and in turn, at the death of the survivor, was bequeathed to the appellee. There was a specific covenant and agreement by each with the other to abide by the terms of the will and a prohibition against the making of any will or codicil in conflict therewith without the consent of the other. Another covenant of the joint and mutual will provided that the beneficiaries under the will, of whom the appellee was one, had the right to proceed at law or in equity to enforce bequests made to them in the will. Rodrich Boehmke survived his wife, and after her death sought to change the terms of the 1953 will by a codicil contrary to the joint and mutual will.
The chancellor, in a lengthy and well reasoned final decree, found that the joint and mutual will constituted a contract, was made for the benefit of a third party, namely the appellee, and was enforceable. He adjudicated favorably to the appellee his claimed rights under the joint and mutual will of 1953.
The appellants contend on appeal that the appellee had failed to prove a contract on the part of the decedents to devise the real property in question to the appellee upon the death of their survivor and that the alleged prohibition against alienation contained in the will was such a restraint as to render it void.
We have considered the terms of the 1953 joint and mutual will of the decedents and conclude as did the learned chancellor that the instrument itself constituted a contract between the parties to devise their property in a certain manner provided by the instrument, and was enforceable. The appellants argue that a will is not a contract and consequently would not constitute evidence of a contract that would be enforceable in equity. We disagree with this contention because it is apparent from a reading of the will that it contains all the necessary elements of a legal contract, was under seal, executed by both parties, and witnessed. The consideration for the execution would appear to have been sufficiently established by the terms of the will itself where it appears that mutual promises were made by the parties, each to the other. See 57 Am.Jur., Wills, § 731; 57 Am.Jur., Wills, § 695.
It is evident from reading the joint and mutual will that the deceased parties intended to intercept the operation of the law upon the death of the other as it concerned the survivor's right in properties held as an estate by the entireties in order that the object of their bounty might benefit. To do this, they contracted and covenanted that the survivor would not change the will or make any codicil thereto that would render ineffective the bequest of the property to the appellee. This, we think, they had a right to do and their purpose was fully and legally accomplished.
Concluding as we have that the joint and mutual will constitutes a contract between the parties, and that the same is enforceable, it becomes unnecessary to discuss the other question raised by the appellants.
The decree appealed is accordingly affirmed.
PEARSON and CARROLL, CHAS., JJ., concur.