126 So.2d 295 (1961)
Ruth Mildred WEISS, Individually and as executrix of the last will and testament of Marcia Cleo Storm, deceased, Appellant,
v.
John STORM, Margaret Stoutenburgh, Nellie Brock, Jean Storm, and Rosemarie Storm, Appellees.
No. C-192.
District Court of Appeal of Florida. First District.
January 24, 1961.
Smith Sanborn, De Land, for appellant.
Sidney H. Taylor, De Land, for appellees.
STURGIS, Judge.
The appellant, Ruth Mildred Weiss, claiming as sole beneficary under an instrument purporting to be the last will and testament of Mrs. Marcia Cleo Storm, which was admitted to probate on the petition of the appellant and the property of the estate distributed to appellant, seeks reversal of a final decree in chancery holding that a prior will jointly executed by Marcia Cleo Storm and her husband, Nicholas Storm, also deceased, was the product of a verbal agreement between them, that Mrs. Storm received the estate of Nicholas Storm under said prior will, and that the property distributed to Mrs. Weiss pursuant to the independent will of Marcia Cleo Storm was held in trust by appellant *296 for the use and benefit of the appellees, plaintiffs below, being children of Mr. Storm by a former marriage and the parties designated by the jointly executed will as beneficiaries of the estate remaining upon the death of the survivor as between Mr. and Mrs. Storm.
Nicholas Storm and Marcia Cleo Storm, husband and wife, in due form executed an instrument described therein as "our joint and mutual will and testament," leaving to the survivor all property of the first decedent and devising and bequeathing, upon the death of the survivor, all property of the survivor to four specifically named persons identified therein as children of Nicholas Storm. This will designated the survivor as executor or executrix and, further, that upon the death of the survivor the Barnett National Bank of Jacksonville, Florida, should serve as executor. It also contains the following pertinent provision:
"Seventh. We have intentionally omitted all our heirs who are not specifically mentioned herein, and we generally and specifically disinherit each, any and all persons whomsoever claiming to be or who be lawfully determined to be our heirs-at-law, except as otherwise mentioned in this will."
At and for several years prior to the time this will was executed all property owned by the testators was held as tenants by the entireties.
Following Nicholas Storm's death, the joint will was filed for probate by his widow and an order of no-administration necessary entered in his estate. At a later date his widow made another will, leaving her entire estate to the appellant. Mrs. Storm died on October 7, 1957, and her independent will was admitted to probate on October 29, 1957.
On September 18, 1958, the named ultimate beneficiaries under the joint will of Mr. and Mrs. Storm brought this suit against Ruth Mildred Weiss, individually, and as executrix of the last will and testament of Marcia Cleo Storm, and while it was pending a final order was entered by the County Judge's Court distributing the estate of Marcia Cleo Storm to the appellant and finally discharging her as the executrix of Mrs. Storm's estate.
The complaint herein alleged the existence of the will jointly executed by Mr. and Mrs. Storm, and charged that it was the product of a verbal contract entered into between said testators agreeing to make a will leaving their estate to the survivor of them and upon the death of the survivor to the children of Nicholas Storm. Defendant's answer denied the material allegations of the complaint and the cause was referred to a special examiner to take the proofs and report the same to the court. Thereafter a final decree was entered adjudging, inter alia, (1) that the joint will of Mr. and Mrs. Storm was the result of a contract entered into between them; (2) that the plaintiffs (appellees) were entitled to performance of the provisions of said will incorporated therein for their use and benefit; (3) that said joint will of Mr. and Mrs. Storm was admitted to probate and record upon the petition of Mrs. Storm as sole devisee thereunder, and that thereafter, in breach of her contract with Nicholas Storm, she made other wills the last of which was admitted to record and probate upon petition of the defendant-appellant; (4), that since the filing of this suit certain real and personal property, constituting the estate of Marcia Cleo Storm, was delivered into the hands of Ruth Mildred Weiss, the appellant; and (5) that said real and personal property so received by appellant was held in trust for the use and benefit of the plaintiffs. The decree thereupon required appellant to discharge said trust by conveying the subject real property to plaintiffs and by delivering to plaintiffs, or to their attorney of record for their account, the personal property in dispute.
Appellant contends (1) that the testimony is insufficient to support the finding that *297 Mr. and Mrs. Storm entered into and carried out a binding contract to make the joint will; (2) that the only property involved was, at the time the joint will was executed, held by the testators as tenants by the entireties, and that since the survivor of such an estate takes the entire title independent of any testamentary disposition, the alleged contract is not supported by a sufficient consideration; and (3) that the decree fails to provide for credit against the property in the hands of the trustee for amounts properly expended in the maintenance and preservation of the trust.
In Fleming v. Fleming, 1920, 194 Iowa 104, 180 N.W. 206 (overruling petition for rehearing in, 1919, 194 Iowa 71, 174 N.W. 946), it was held that a contract between husband and wife for the making of separate wills containing reciprocal provisions giving each party a life estate in the property of the other and provisions over for the benefit of a third person effective upon the death of the survivor applies to property held by the spouses in an estate by the entireties, notwithstanding it would not pass under the will of either spouse to the other but would devolve upon the surviving spouse by operation of law. We agree with that rule.
The fact that on the date the joint will was executed all property of Mr. and Mrs. Storm was held by them as tenants by the entireties does not affect the validity of their agreement to make the will. There was no assurance that in the interval prior to the death of either separate property would not be accumulated which would pass to the survivor under the will. Indeed, the very fact of the uncertainty as to which of the tenants would survive the other, coupled with the fact that by operation of law title so held vests exclusively in the survivor, constitutes an adequate basis to support the mutual promise to make the will.
As to the sufficiency of the evidence on the question of the agreement of the parties to make the joint will, our review of the record reflects that there was ample evidence, aside from the will proper, which if believed by the chancellor, as the decree indicates he did believe, would support the conclusion that the parties did so contract. The will itself, however, compels the inference that the underlying purpose of the testators was to carry out their agreement to make the will, and is supported by other testimony in the record. Without quoting the will verbatim, we find that the situation here generally conforms to the facts and circumstances in Nye v. Bradford, 1946, 144 Tex. 618, 193 S.W.2d 165, 168, 169 A.L.R. 1, where the court said:
"We are convinced, by careful examination of the statement of facts and of the joint will of R.T. Bradford and his wife, Mattie Bradford, that the uncontroverted evidence and the will taken together conclusively prove that the will was made in consummation of the agreement of the parties to it to make disposition of the property that they jointly owned, their community property, in the manner set out in the will."
* * * * * *
"The will is jointly executed and speaks in all of its paragraphs as the joint act of the testators. Together they bequeath and devise their property, all of which is community property. Nowhere do they separately devise and bequeath their interests in the property * * * The will treats the property of the testators as one, and the dispositions made are joint gifts from the testators, dividing the property equally between the two children. A will like that could not have been made without agreement between the testators that it should be so made."
* * * * * *
"The husband R.T. Bradford, fully performed his contract. He died without having undertaken to revoke the joint will and without having attempted to make any disposition of the property *298 in contravention of the agreement. The surviving wife, on her own application, caused the joint will to be probated as the last will and testament of her deceased husband and qualified as executrix under the will. Thereupon the contract, even if it had theretofore been voidable (and as to that we express no opinion), became obligatory upon her." (Citations)
While the act of making a joint will, standing alone, is not in itself evidence of a contract, the terms of such will may disclose so clearly that it is the product of a contract between the parties that the will itself is sufficient evidence to establish a contract. Seat v. Seat, 1938, 172 Tenn. 618, 113 S.W.2d 751; Curry v. Cotton, 1934, 356 Ill. 538, 191 N.E. 307; Warwick v. Zimmerman, 1928, 126 Kan. 619, 270 P. 612; Clements v. Jones, 1928, 166 Ga. 738, 144 S.E. 319.
In In re Adkins' Estate, 1946, 161 Kan. 239, 167 P.2d 618, 624, the court in a situation similar to that in the case on review said:
"As the joint will now before us was finally drawn and executed it stated a clear and unambiguous intention on the part of each party to leave a life estate in all his or her property to the survivor. There can be no doubt about that. The language by which the instrument left all of the property of each of them that should remain after the death of the survivor to Betty Jean with certain restrictions is just as clear and unambiguous. The language of the will itself leaves no room for construction nor need for evidence as to the intention of the parties. On its face it showed that it was contractual."
And in Frazier v. Patterson, 243 Ill. 80, 90 N.E. 216, 218, 27 L.R.A.,N.S., 508, it was said:
"If evidence of a mutual compact is necessary in such case, that evidence is afforded by what the parties did. We cannot see how the situation would be any different if witnesses had testified that they heard this husband and wife discuss what disposition they would make of their respective estates, and that they agreed with each other that they would make a joint will such as they did make. The fact that they made such a will is satisfactory proof to our minds that it was done in accordance with their mutual compact to dispose of their property in this manner."
We find no error in so much of the decree as sustains the contractual nature of the joint will of Mr. and Mrs. Storm or the holding that the property of Mrs. Storm's estate is held by appellant in trust for the use and benefit of appellees. See Ugent v. Boehmke, Fla.App. 1960, 123 So.2d 387.
On the question of the trial court's failure by its decree to take into account the expenses incurred in connection with the handling of the trust, we are reminded that equitable principles apply. The reasonable expenses incurred in good faith by the appellant in caring for the trust are properly to be accounted for and discharged out of the property of the trust. Appellant is entitled to an opportunity to present and have determined the question of the amount, if any, to which she as trustee may be entitled in the premises.
The decree appealed is affirmed in part and reversed in part, and the cause remanded for proceedings consistent herewith.
WIGGINTON, C.J., and CARROLL, DONALD K., J., concur.