130 So.2d 888 (1961)
In re ESTATE of Ella Blanche SHEPHERD, Deceased.
Eleanor Furr LOY, Thomas Loy, E.T. Furr, Joseph Furr and Virginia Furr, Appellants,
v.
Philip O. SHEPHERD, Jr., Executor C.T.A., Joan Page Furr, a minor by and through her next friend, Rex Furr, Erna Shepherd, and Barbara Lewis Bower, Appellees.
Nos. 1724, 1750.
District Court of Appeal of Florida. Second District.
June 9, 1961.
*889 Sanders, McEwan, Schwarz & Mims and Monroe E. McDonald, Orlando, for appellants.
Hue E. Nunnallee, Mattie W. Tompkins, S. Colquitt Pardee, and Keith Collyer, Avon Park, for appellees.
KANNER, Judge
Two appeals from orders entered by the county judge in probate proceedings are consolidated for consideration here. Case 1724 is an appeal from an order denying probate to a will executed by Ella Blanche Shepherd in August, 1957. Case 1750 is an appeal from an order denying petition for revocation of probate of a mutual will of Reuben Page Shepherd and Ella Blanche Shepherd executed in July, 1955. The parties in both appeals are the same, as are the facts and the property involved, with the same questions to be decided.
Before entering into the merits of the appeals, we shall consider a motion to dismiss the appeal in Case 1724. That motion is grounded upon the proposition that the notice of appeal was not filed within the thirty day period specified by section 732.16, Florida Statutes, F.S.A., and that, consequently, this court is without jurisdiction. In a recent decision, however, the Supreme Court of Florida determined, as to a probate proceeding, that the time allowed for filing notice of appeal is sixty days. See In re Wartman's Estate, Fla. 1961, 128 So.2d 600. The motion to dismiss, therefore, is denied, since the notice of appeal was filed within the requisite sixty-day period.
Ella Blanche Shepherd, a resident of Avon Park, Florida, died in October, 1958. Her husband, Reuben Page Shepherd, had predeceased her. While residents of the State of Virginia, the husband and wife in 1955 had executed a mutual will in that state disposing of property for the most part owned jointly by them. Upon the death of either, the survivor was to receive the estate of the decedent. Each, in the event he or she should be the survivor, disposed of the estate to certain named individuals who were jointly agreed upon by the husband and wife. Paragraph 8 of the mutual will states:
"Our purpose in making this joint and reciprocal Will is to dispose of our property in accordance with a carefully considered common plan; the reciprocal and other gifts and bequests made herein are made in fulfillment of this purpose and in consideration of each of us waiving any and all right to alter, amend, or revoke this Will in whole or in part, by Codicil or otherwise, without written consent of the other during our joint lives, or under any circumstances after the death of the first of us."
The Shepherds moved to Florida in 1957 and established residence in this state, purchasing a home in Avon Park. Subsequent to her husband's death, Ella Blanche Shepherd executed an individual will in August, 1957, revoking any and all prior wills and disposing of the estate in a manner inconsistent with the provisions of the mutual will executed in 1955. Approximately a year following the execution of the 1957 will, Mrs. Shepherd died.
Philip O. Shepherd, who had been named executor in both wills, petitioned the county judge's court for Highlands County, Florida, to probate the individual will of Ella Blanche Shepherd. At the time the petition for probate of the individual will was heard, the mutual will was also produced and was considered by the county judge. No testimony was taken at the hearing, but an affidavit from the Virginia attorney who had drawn the mutual will giving his opinion as to the intent of the parties in making *890 it was proffered to the court. After examining the mutual will, the affidavit, and the individual will, the court, through an order, refused to accept proof of execution of the individual will of Ella Blanche Shepherd and held that this will was not entitled to probate. The probate judge then determined that the mutual will was irrevocable and entitled to probate upon proof of execution, premising these determinations upon the wording of the joint will and the affidavit with reference to the intention of the parties under the will. Although stating that a joint will is also a contract, and recognizing that "* * * as probate court, this Court would have no authority to exercise equitable jurisdiction in determining the validity of this contract * * *," the probate judge reasoned that, "* * * the contract agreement is spelled out within the written instrument itself which is stated to be a testamentary disposition of the two parties * * *." Thereupon he concluded that it would be unfair to the estate and beneficiaries to require expensive litigation in courts other than the probate court to specifically enforce the contract or to impose a trust on the estate. After proof of execution, the mutual will was admitted to probate and letters testamentary were issued.
The order denying the petition to admit the individual will to probate forms the basis of the appeal in Case 1724. The appeal taken in Case 1750 is in turn predicated upon the order denying the petition to revoke the probate of the mutual will.
We may say that some irregularities appear in the proceedings, but we do not deem it necessary to consider them here. The basic issues appear to resolve themselves into the questions, (1) whether the mutual will executed in 1955 was revocable, and (2) whether the individual will of Ella Blanche Shepherd was entitled to probate.
Proceeding to the first question, whether the mutual will is revocable, we perceive that the probate judge concluded, because of the language of irrevocability contained in it, that the instrument is of binding contractual effect and is therefore not revocable.
A will by nature is ambulatory; thus a will possesses the inherent quality of revocability. It has been said that an instrument which is irrevocable cannot be a will, whatever else it may be. Page on Wills, Vol. 4, section 1709, p. 833; 34 Fla.Jur., Wills, section 106, p. 524. An extensive annotation dealing with the subject of joint, mutual, and reciprocal wills may be found at 169 A.L.R. 9-97. From the annotated cases the well settled rule may be gleaned that a mutual will executed pursuant to a contract to make a will is revocable. Notwithstanding the existence of a covenant not to revoke or a statement within the will specifying irrevocability, it may nevertheless be revoked like any other will. See also 34 Fla.Jur., Wills, section 106, p. 525, and section 143, p. 561; Page on Wills, Vol. 4, section 1709, 833-834. As to this premise, our sister court, the first district, has asserted in the case of Keith v. Culp, Fla.App. 1959, 111 So.2d 278, 281:
"Mutual wills are ambulatory like other wills, i.e., revocability is an essential element of all wills. Thus it is not the wills, which are made in pursuance of a contract, that are irrevocable, but the contract upon which they are made that stands and may be enforced depending of course upon the attendant circumstances. And this is true even though there is a covenant not to revoke."
Also, we observe that in Virginia, the state in which the mutual will here concerned was executed, the court, in the case of Williams v. Williams, 1918, 123 Va. 643, 96 S.E. 749, commented that generally wills are ambulatory and revocable, even though there are express clauses in them to the contrary. Our conclusion is that the mutual will before us remains revocable.
Considering now the second question, whether the individual will was entitled *891 to probate, we find the generally accepted rule to be that a mutual will, having been revoked by a subsequent will, cannot be probated even though the revocation was in transgression of an agreement for testamentary disposition by such will. Neither can a probate court decline to probate a will upon the basis that it was made in violation of such agreement, unless that court has constitutional or statutory authority to do so. 169 A.L.R. at page 53, et seq.
Hence a court of probate cannot admit a mutual will to probate where it has been revoked by the testator; nor can he enforce an agreement to make a mutual will by ordering probate of that will where it has been revoked by the testator in violation of the agreement. Hoff v. Armbruster, 1950, 122 Colo. 563, 226 P.2d 312; 97 C.J.S. Wills § 1367, p. 311. The rationale behind this rule, expressed by the cited authorities and the Keith v. Culp decision, supra, is that it is the contract and not the will that is irrevocable. We therefore hold that the individual will here is entitled to be admitted to probate upon the requisite proof.
Although it is the contract and not the will which poses the question of revocability, the obligation of a valid contract cannot be avoided or circumvented by revocation of a mutual will. Whether or not revocation constitutes a breach of contract for which relief may be had, however, is a matter to be dealt with in the proper forum. We may observe that the county judge himself has recognized that the probate court would have no authority to exercise equitable jurisdiction in determining the validity of the contract.
The enforcement of rights under mutual wills is founded upon equitable principles. Where the revocation was wrongful and unauthorized and the testator disposed of the property in a manner inconsistent with the agreement upon which the mutual will was based, a court of equity, having extraordinary power to enforce specific performance of contracts and to prevent frauds, will ordinarily enforce such agreement by decreeing its specific performance or by impressing a trust on the property in favor of the beneficiaries of the revoked will. Also, an action may be maintained for damages for breach of the agreement, in a proper case. 97 C.J.S. Wills § 1367, pp. 311-312; 169 A.L.R. 55-62; Hoff v. Armbruster, supra.
As to the jurisdictional province of the county judge in Florida pertinent to the problem before us, Article V, section 7(3), Constitution of Florida, F.S.A., specifies:
"* * * The county judge's courts shall have jurisdiction of the settlement of the estate of decedents and minors, to order the sale of real estate of decedents and minors, to take probate of wills, to grant letters testamentary and of administration and guardianship, and to discharge the duties usually pertaining to courts of probate. * * *"
This constitutional provision has been implemented in substantially the same form in section 732.01, Florida Statutes, F.S.A. The county judge in Florida has been empowered with certain supplementary authority by section 733.32, Florida Statutes, F.S.A., relating to conveyances pursuant to contracts of decedents. This statute concerns "* * * cases where written agreements have been made for the sale and conveyance or transfer of real property in this state or of personal property, and the vendor has died before making such conveyance or transfer * * *". The county judge is authorized to order hearings and in proper cases to direct the personal representative to execute and deliver the conveyance or transfer to the person entitled to it or otherwise as justice may require. The language of the statute does not contemplate the resolution of the validity or enforcement of agreements made between husband and wife to testamentarily dispose of their property through a mutual *892 will. No constitutional or legislative authority will permit the probate judge in Florida to apply equitable remedies to decide the validity of and enforce a contract not to revoke a mutual will executed between husband and wife.
Our determination, therefore, is that the county judge was in error (1) in holding that the joint will is irrevocable, and (2) in declining to admit to probate the last will and testament of Ella Blanche Shepherd. However, the admission to probate of the individual will is conditioned upon its proper establishment. The orders appealed from are reversed for further proceedings in conformity with this opinion.
Reversed and remanded.
SHANNON, J., and GERMANY, JOHN, Associate Judge, concur.