162 So.2d 1 (1964)
Frances J.W. LINDEBURG, Executrix of the Estate of Alfred Lindeburg, deceased, Appellant,
v.
Myles Frederick LINDEBURG and Gwendoline Grew, as Executor and Executrix, respectively, of the Last Will and Testament of Vivian B. Lindeburg, Appellees.
No. 63-430.
District Court of Appeal of Florida. Third District.
March 10, 1964.
Rehearing Denied April 9, 1964.
Butler, Swope & Manning, Miami Shores, for appellant.
L.L. Robinson and Ben S. Hancock, Jr., Miami, for appellee.
Before CARROLL, HORTON and HENDRY, JJ.
PER CURIAM.
Defendant appeals from the summary final judgment granted to plaintiff by the circuit court.
Appellee is the divorced wife of Alfred Lindeburg.
Prior to appellee obtaining a divorce from the deceased, appellee and her husband entered into a property settlement agreement which provided, inter alia:
"5. It is further understood and agreed that the party of the second part [husband] is carrying at the present time a War Risk Insurance Policy in the face amount of Six Thousand, Nine Hundred ($6,900.00) Dollars, the premiums for which have been fully paid, which policy names the party of the first part [appellee] as beneficiary, and the party of the second part agrees to maintain at *2 all times said policy in full force and effect and retain the party of the first part as the beneficiary under same."
Thereafter, appellee was granted her divorce from the deceased and this property settlement was incorporated into the divorce decree. The deceased kept appellee as beneficiary under the policy, but prior to his death he had received all but $1,224.00 of the face value of the policy as disability payments. Upon his death, appellee received $1,224.00 as beneficiary of the policy. Appellee thereafter instituted this action against her former husband's estate to recover the difference between the amount she received and the face value of the policy, $6,900.00.
Both parties moved for summary judgment, and the trial court granted plaintiff's motion and entered judgment in her favor for $5,676.00.
Appellant claims that this insurance policy, a U.S. War Risk Insurance Policy, was assigned by virtue of the property settlement agreement and an attempt to contract away the husband's right to change beneficiaries under the policy. Such an arrangement, being prohibited by Federal Statute,[1] was void, and the contract provision in regard to the insurance policy could not be enforced against the husband's estate.
Appellee readily admits that the deceased had a right during his lifetime to change the beneficiary under the policy, and that by virtue of this change appellee could not have compelled the insurer to make any payments to her.[2]
Appellee contends, however, that she is not seeking recovery from the government on its contract of insurance, nor is she claiming any rights pursuant to the insurance policy. She is merely claiming that her ex-husband's estate must answer in damages for his breach of contract. The insurance policy is nothing more than the measure of damages. Appellee claims her rights under the property settlement contract. By that agreement, the parties clearly evidenced their intent that upon the death of the husband, the ex-wife would receive $6,900.00. The insurance policy then in existence was used as the means whereby this intent was manifested. The agreement was breached and the husband became answerable in damages upon the appellee's failure to receive $6,900.00 at his death. Stated in other terms, this portion of the property settlement agreement can be considered a contract to make a will,[3] the breach of which occurred at the husband's death.
The similarity between the two situations is striking; in the present situation, the husband had the right to change the beneficiary of the insurance policy.[4] In a contract to make a will, the promisor has the right to change his will,[5] and in both situations the right being enforced against the *3 promisor is the contract right,[6] and not the will, in the case of the breached contract to make a will, or the insurance policy in our situation.
The rights of the parties were determined by the property settlement agreement, not by the insurance policy, and no matter what principles of law attached to the insurance policy, they can not affect appellee's rights by virtue of the property settlement agreement.
In Bostram v. Bostram, 60 N.D. 792, 236 N.W. 732 (1931), the North Dakota Supreme Court was presented with a very similar problem. The deceased had designated his brother as beneficiary under the War Risk Life Insurance Policy. Subsequently the deceased married, and attempted to change beneficiaries, but was unsuccessful. Upon the deceased's death, the proceeds of the policy were paid to the brother. The widow and brother entered into an agreement whereby the brother assigned a certain portion of the life insurance proceeds to the widow. Thereafter, the widow sought to enforce future compliance with this agreement, and the brother defended on the ground that the proceeds of the policy were not assignable. The court upheld the widow's rights under the contract, stating at 236 N.W. 735:
"Under the statute quoted the compensation payable is not assignable. The United States does not recognize an assignment and will not be bound by it. However, after the beneficiary has received the money, so that he may do with it as he sees fit, the contract, relative thereto, may be enforced.
* * * * * *
"The agreement set forth in the contract, even when the assignment of the receipt is forbidden, will create a personal obligation against the assignor which can be enforced."
We are in full accord with the above cited case. A husband can be required to answer personally, through his estate, for his breach of the contract.
Appellant has cited many authorities for the proposition that an assignment of this insurance policy is void.[7] We agree with all of those cases, but it must be pointed out that appellant has cited no authorities dealing with the question of an action against the estate of promisor on his contract. Appellant has only referred this court to those situations where the action is an attempt in one form or another to collect the insurance proceeds. That is definitely not our situation, and is an important distinction.
For the reason stated, it is our conclusion that the trial court properly granted appellee's motion for summary judgment.
Affirmed.
CARROLL, Judge, dissents.

ON PETITION FOR REHEARING
PER CURIAM.
We have carefully considered the grounds set forth in appellant's petition for rehearing and found them to be without merit. Therefore, the petition is denied. However, since the filing of the original opinion it has been made to appear that appellee, Vivian B. Lindeburg died on September 17, 1963 and that Myles Frederick Lindeburg and Gwendoline Grew have been appointed as executor and executrix respectively, of the last will and testament of said Vivian B. Lindeburg and that this court has ordered the executor and executrix substituted as appellees in this appeal, and the caption of the action to be amended as set out above.
We therefore amend the opinion of this court filed March 10, 1964 to conform in all respects with the above, and wherever the *4 word "appellee" appears in that opinion the words "appellees' testatrix" should be substituted.
CARROLL, Judge, (dissenting).
I dissent from the order denying petition for rehearing because I am of the opinion that this court's decision was incorrect in that it sanctioned an assignment of the policy proceeds which was interdicted by the federal statute relied on by appellant; under the authorities set out in Point I of the petition for rehearing.
NOTES
[1] 38 U.S.C.A. § 3101, formerly 38 U.S.C.A. § 454.
[2] Wisner v. Wisner, 338 U.S. 655, 70 S.Ct. 398, 94 L.Ed. 424 (1950); Kimball v. United States, 304 F.2d 864 (6th Cir.1962); Lewis v. United States, 56 F.2d 563 (3d Cir.1932); Von Der Lippi-Lipski v. United States, 55 App.D.C. 202, 4 F.2d 168 (1925); Kauffman v. Kauffman, 93 Cal. App.2d 808, 210 P.2d 29 (4th Dist. 1949); Chilwell v. Chilwell, 40 Cal. App.2d 550, 105 P.2d 122 (4th Dist. 1940).
[3] 94 C.J.S. Wills § 111 at p. 861: "A person may make a valid contract to leave his property at his death by will or otherwise in a particular way, and such a contract will be enforceable." 34 Fla.Jur., Wills § 60; Miller v. Carr, 137 Fla. 114, 188 So. 103.
[4] Note 2, supra.
[5] Keith v. Culp, Fla.App. 1959, 111 So.2d 278, 281, "Mutual wills are ambulatory like other wills, i.e., revocability is an essential element of all wills. Thus it is not the wills, which are made in pursuance of a contract, that are irrevocable, but the contract upon which they are made that stands and may be enforced * * *." See also, Ugent v. Boehmke, Fla.App. 1960, 123 So.2d 387; In re Shepherd's Estate, Fla.App. 1961, 130 So.2d 888.
[6] Note 5, supra.
[7] Note 2, supra.