HENDRY, Judge
(concurring specially).
I concur in the judgment but I am not in accord with all of the views and holdings enunciated in the majority opinion.
It is my view that the evidence was sufficient to establish an express oral trust or a constructive trust. The oral trust sought to be established will not fail for the reason that pension funds are the sole res.
An intangible is capable of forming the sole res of a trust. “A legal claim or chose in action, even if it is not represented by a specialty or other instrument as in the case of bonds and shares of stock, can be held in trust.” 1 Scott, Trusts § 82, 636 (2d ed. 1956). However, future earnings may not be a trust res. 1 Scott, Trusts, § 86.2, 660 (2nd ed. 1956); 4 Pomeroy, Equity Jurisprudence § 1276, 797-798 (5th ed. 1941).
A contingent interest or an interest subject to divestment, but not a mere expectancy, can be the subject of a trust. “Although a person who has a mere expectancy has no interest of which he can create a trust, yet he can bind himself by a contract to create a trust or otherwise dispose of the property if and when he should thereafter acquire it.” Restatement, Second, Trusts § 86 and Comment b. (1959); Brainard v. Commissioner of Internal Revenue, 91 F.2d 880 (7th Cir. 1937); “Note” 42 Harvard Law Review 559, 559-561 (1929); Lindeburg v. Lindeburg, Fla.App.1964, 162 So.2d 1.
Rights to insurance proceeds may be the subject of a trust. 1 Scott, Trusts § 82.1, 637-638 (2nd ed. 1956). Rights to pension benefits may be analogized to rights to insurance proceeds. Therefore, there is an additional reason to conclude that rights to pension benefits may be the subject of a trust. In fact, Maryland has adopted this general rule by statute:
“Where a right to life insurance proceeds or to death benefits under a profit-sharing, pension or stock-bonus plan is the sole res of a trust, it is specifically validated by Maryland statute. Md. Sess. Laws 1964, Ch. 105, p. 302,” 5 Bowe-Parker, Page on Wills § 40.12 n. 3 (1969-1970 suppl.)
I concur with the judgment of reversal only because the exemption statute, 185.25 Fla.Stat, F.S.A., controls.
These pension statutes have as their purpose the providing of a basic floor of protection for the families and members of these pension plans. The exemption statute prevents the imposition of an express or constructive trust in the hands of officials who are trustees of these two public pension funds (one contributory and one non-contributory). Neither can these funds be reached in the hands of the named beneficiaries of these two public pension funds, on the monies being distributed to them, in view of the same legislative purpose and public policy.