HENDRY, Judge.
Appellants, plaintiffs below, living beneficiaries under a joint and mutual last will and testament, appeal a final judgment entered by the circuit court dismissing their complaint for declaratory judgment, specific performance, and damages.
On March 29, 1968, Joseph and Jean Schwartz, husband and wife, executed a joint and mutual will which included, inter alia, the following provision:
“We ... do make, publish and declare this to be our joint and mutual Last Will and Testament, and do hereby expressly revoke all other Wills and Codicils and testamentary papers at any time heretofore made by us, and do hereby covenant with each other to abide by each of our Wills as herein made and herein expressed, and covenant not to make any Will or Codicil different from this after the death of either of us and do consent to the making of this Will, and we do each consent to the Will of the other leaving to the other more or less than the one-half of his or her property to which he or she would otherwise be entitled by law.”
Also, by the will, the joint testators bequeathed and devised his or her entire estate to the survivor of them, and, upon the death of both, the entire estate was to be “divided equally, share and share alike” among five named persons, Rhoda Jacobs, Mildred Bachrach, Victor Cohen, Murray Cohen, and Allan Schwartz. Rhoda, Mildred, and Allan were nieces and nephew by blood relationship to Joseph Schwartz, and Victor and Murray were nephews by blood relationship to Jean Schwartz.
*116 On August 22, 1970, Jean Schwartz died without ever having changed the will. Subsequently, Allan, one of the five named legatees, died. Thereafter, on July 6, 1971, Joseph Schwartz, the surviving husband of Jean, executed a codicil to the March 29, 1968, will wherein he acknowledged, the death of Allan and bequeathed his entire estate equally, to share and share alike, to the four surviving legatees under the original will and Helen Adler, his sister-in-law. Subsequently, on September 11, 1971, Joseph died, and on October 20, 1971, the joint and mutual will of Joseph and Jean and the codicil executed by Joseph were admitted to probate in the County Judge’s Court.
On July 17, 1974, appellants, the four surviving legatees under the original will, filed a complaint in the circuit court seeking a declaratory judgment, specific performance, and damages against appellees, Murray Cohen, as executor of the estate, and Helen Adler. Appellants alleged, basically, in their complaint that the agreement in the will, set forth above, for Joseph and Jean to make a joint and mutual will was, in itself, a legally binding contract which was breached by the codicil executed by Joseph. The complaint sought a declaratory judgment that the codicil was void or that it breached a pre-existing contract not to execute such a codicil; to require appel-lees to perform the contract; and damages.
After a nonjury trial, the trial court entered a final judgment in favor of appel-lees which reads in pertinent part as follows :
“1. That on March 29, 1968, Joseph Schwartz and Jean Schwartz, his wife, executed a joint and mutual will wherein they bequeathed and devised his or her entire estate to the survivor of them, and upon the death of both of them, the entire estate be devised and bequeathed equally, share and share alike, between five persons, namely Rhoda Jacobs, Mildred Bachrach, Victor Cohen, Murray Cohen, the plaintiffs herein; and Allan Schwartz; that the said Rhoda Jacobs, Mildred Bachrach and Allan Schwartz were nieces and nephew by blood relationship of Joseph Schwartz and Victor and Murray Cohen were nephews by blood relationship of Jean Schwartz.
“2. That in August, 1970, Jean Schwartz, wife of Joseph Schwartz died.
“3. That subsequent to the death of Jean Schwartz, Allan Schwartz, one of the five named legatees in the joint and mutual will of said Joseph Schwartz and Jean Schwartz, died.
“4. That on July 6, 1971, Joseph Schwartz, surviving husband of Jean Schwartz, executed his codicil to his last will and testament of March 29, 1968, as aforesaid, wherein he acknowledged the death of Allan Schwartz, his nephew, and bequeathed his entire estate to the four plaintiffs herein and to the defendant, Helen Adler, his sister-in-law, equally, share and share alike.
“5. That on September 11, 1971, the said Joseph Schwartz died in Miami Beach, Florida, and on October 20, 1971, upon the petition of Plaintiff, Murray Cohen, the named executor in said joint and mutual will of Joseph Schwartz and Jean Schwartz of March 29, 1968 and the codicil of Joseph Schwartz of July 6, 1971, was admitted to Probate in the County Judge’s Court, in case no. 71-3975.
“6. That it was the intent of said Joseph Schwartz and Jean Schwartz, his wife, deceased, to bequeath and devise their estate so that each of the five legatees named in their joint and mutual will should receive one-fifth of their estate.
“7. That each of the Plaintiffs, herein have a one-fifth interest in the Estate of Joseph Schwartz, deceased, pursuant to the provisions of his codicil of July 6, 1971, and therefore have not suffered any damages.
*117 “8. That the said Joseph Schwartz, deceased, did not commit a fraud by the execution of his codicil of July 6, 1971.
“9. That under equitable principles, the codicil of Joseph Schwartz, deceased, was effective; and that this was no violation of the contract which may be deemed to have existed by the execution of the joint and mutual will of said Joseph Schwartz, and Jean Schwartz, his wife.
From the final judgment, appellants appeal.
Appellants raise the following four points on appeal: (1) whether the law of Florida and the weight of the evidence taken at trial supports the finding by the trial court that the July 6, 1971, codicil was not in violation of the contract which may be deemed to have existed by the execution of the March 29, 1968, joint and mutual will of Joseph and Jean Schwartz, (2) whether the law of Florida and the weight of the evidence taken at trial supports a finding by the trial court that the joint testators intended for the five named beneficiaries of the will to have a one-fifth share of the residuary estate and, therefore, did not suffer any damages by reason of the execution of the codicil, (3) whether the law of Florida and the weight of the evidence taken at trial supports a finding by the trial court that Joseph Schwartz did not commit a fraud by the execution of his codicil and, therefore, that appellants were not entitled to the relief they sought, and (4) whether the trial court arbitrarily denied appellants’ motion for a new trial.
Every judgment rendered by a trial court comes to this court on appeal clothed with a presumption of correctness and the burden rests upon the appellant to clearly demonstrate any error which is claimed to have been committed in the rendition of the judgment appealed. See, e. g., Marx v. Goldfinger, Fla.App. 1966, 187 So.2d 380; Frazee v. Frazee, Fla.App.1966, 185 So.2d 484; Global Aero. Service, Inc. v. Lloyd Aereo Boliviano, S.A., Fla.App. 1963, 157 So.2d 708; and 2 Fla.Jur., Appeals § 346. In the instant appeal, after a careful review of the record, all points in the briefs and arguments of counsel in light of the controlling principles of law, we have concluded that no reversible error has been demonstrated.
We agree with the trial court that it was the intent of Joseph and Jean Schwartz to bequeath and devise their estate so that each of the five legatees, named in their mutual will, would each receive a one-fifth share of their estate. See Davis v. Arkenberg, Fla.App. 1967, 195 So.2d 46, and Dixon v. Davis, Fla.App.1963, 155 So.2d 189, construing the term “share and share alike.” The testators of the mutual will did not anticipate the death of any legatee during their lifetimes and made no provision that the testamentary disposition to a legatee who died during their lifetime should pass to the remaining legatees. After the death of both Joseph and Jean Schwartz, each of the four surviving legatees, named in the original will dated March 29, 1968, still had a one-fifth interest in the estate, and, therefore, suffered no damages by the execution of the codicil to the will.
We further agree with the trial court that, based on the facts of this case and under the applicable equitable principles, there was no violation or breach of the contract which may be deemed to have existed under the language of the joint and mutual will executed by Joseph and Jean Schwartz. As found by the trial court, the effect of the codicil, executed by Joseph, was not to dispose of their estate in a manner inconsistent with the terms of the agreement on which the will was based. See Sharps v. Sharps, Fla.App.1969, 219 So.2d 735; In Re Shepherd’s Estate, Fla.App.1961, 130 So.2d 888; Weiss v. Storm, Fla.App.1961, 126 So.2d 295; Urgent v. Boehmke, Fla.App.1960, 123 So.2d 387; 34 Fla.Jur., Wills § 146; and 1 D. Redfearn, *118 Wills and Administration in Florida § 8.14 (4th ed. 1971).
We find no merit in the other points raised by appellants. Therefore, for the reasons stated and upon the authorities cited, the final judgment appealed is affirmed.
Affirmed.