PER CURIAM.
We approve and adopt the trial court’s order, which basically tracks its verbal expressions at the close of the hearing in this matter, and which reads:
“THIS CAUSE came on to be heard upon various motions and petitions of Emma Frances Rose, as follows: Notice of Adversary Proceedings, Motion for Copy of Inventory, Petition to Amend Pleadings, Petition for Revocation of Probate, Petition to Set Aside Letters of Administration, Alternate Petition to Interpret a Will, Petition for Appointment of Curator, Petition to Require Interim Accountings, Petition Concerning the Continuation of an Unincorporated Business or Venture, Petition for Removal of Personal Representative and Motion to Amend Petition for Revocation of Probate. The Court previously determined, and the parties so stipulated, that material to each of the above said motions and petitions was the “threshold” issue of the effect of certain language in the 1967 joint and mutual will providing for its irrevoca-bility. The facts material to this issue are not in dispute; the Court has had the benefit of legal memoranda and oral argument on behalf of the interested parties. On this basis, the Court hereby makes the following findings of fact and conclusions of law:
FINDINGS OF FACT
“Pursuant to Florida Statute 90.202 and pursuant to the stipulations of parties, the Court hereby makes the following findings of fact:
“1. On November 11, 1967, a joint and mutual will was executed between Delena Rowland and Ray Rowland, husband and wife, which will includes the following language:
‘This Last Will and Testament is made jointly by us, shall be binding on both and may not be revoked except through our mutual consent. Further, this instrument shall be absolutely binding on *545 the one surviving and may not be changed in any respect.’
“2. On September 6, 1969, Mr. Rowland and the Decedent Delena Rowland executed a joint codicil to the 1967 will changing only the names of the personal representatives.
“3. On September 16, 1970, Mr. Rowland departed this life without having consented to any revocation of the 1967 joint and mutual will.
“4. On November 19,1970, the joint and mutual will was admitted to probate in the estate of Mr. Rowland, and the Decedent Delena Rowland thereby obtained the benefits provided to her by its terms.
“5. On December 21, 1976, the Decedent executed a new will purporting to revoke the 1967 will. This will purports to devise the residue of her estate to Emma Frances Rose.
“6. On January 25, 1977, the Decedent executed another will purporting to revoke the December 21, 1976 will and reinstating the 1967 will.
“7. On February 7, 1977, the Decedent executed another will purporting to revoke the 1967 will and leaving the decedent’s estate to Emma Frances Rose.
“8. On December 13, 1977, the Decedent made one final will purporting to reaffirm the 1967 will.
“9. On May 15,1984, the Decedent died.
CONCLUSIONS OF LAW
“Upon the above facts, the Court hereby makes the following conclusions of law:
“1. A will is, of course, an ambulatory document, having no force or effect until the death of the testator;
“2. Where the will is of a joint and mutual nature, however, the will may be the product of the contract that it not be revoked except by mutual consent of the parties and that it be binding upon the survivor. The mere making of a joint and mutual will is not itself evidence of such a contract; however, the terms of the will may disclose so clearly that it is the product of such a contract that the will itself is sufficient evidence to establish the contract. See Estate of Somogyi v. Marosites, 389 So.2d 244 (Fla. 5th DCA 1980); Weiss v. Storm, 126 So.2d 295 (Fla. 1st DCA 1960).
“3. The 1967 joint and mutual will executed by Ray and Delena Rowland provides:
‘This Last Will and Testament is made jointly by us, shall be binding on both and may not be revoked except through our mutual consent. Further, this instrument shall be absolutely binding on the one surviving and may not be changed in any respect.’
“This language clearly disclosed and establishes that the will was the product of a contract that it not be revoked except by mutual consent of the parties, and that it be binding upon the survivor.
“4. This Court has broad equitable powers to enforce, and by this Order does hereby enforce, said contract upon specific performance and implied trust principles. See, Estate of Somogyi v. Marosites, supra; Weiss v. Storm, supra. Decedent’s estate shall pass in accordance with the dispositive provisions of the 1967 joint and mutual will; alternatively, an implied trust is imposed upon all real and personal property in Decedent’s estate for the use and benefit of the beneficiaries of the 1967 joint and mutual will; and
“5. Based upon said contract and based further upon the acceptance by Decedent of benefits under the 1967 joint and mutual will upon the death of Mr. Rowland on September 16, 1970, the Court also concludes that upon the death of Mr. Rowland, the Decedent became a trustee of all real and personal property, jointly or individually owned by Mr. Rowland and Decedent at the time of Mr. Rowland’s death, for the use and benefit of the beneficiaries of said 1967 will.
*546 ORDER
“Upon the above facts and conclusions of law, it is hereby
“ORDERED AND ADJUDGED that:
“1. The motions and petitions filed on behalf of Emma Frances Rose, being the Notice of Adversary Proceedings, Motion for Copy of Inventory, Petition to Amend Pleadings, Petition for Revocation of Probate, Petition to Set Aside Letters of Administration, Alternate Petition to Interpret a Will, Petition for Appointment of Curator, Petition to Require Interim Account-ings, Petition Concerning the Continuation of an Unincorporated Business or Venture, Petition for Removal of Personal Representative and Motion to Amend Petition for Revocation of Probate, be and hereby are DENIED; and
“2. Decedent’s estate shall pass in accordance with the dispositive provisions of the 1967 joint and mutual will; alternatively, an implied trust be and hereby is imposed upon all real and personal property in Decedent’s estate for the use and benefit of the beneficiaries of the 1967 joint and mutual will;
“3. Upon the death of Mr. Rowland on September 16,1970, the Decedent became a trustee of all real and personal property, jointly or individually owned by Mr. Rowland and Decedent at that time, for the use and benefit of the beneficiaries of the 1967 will; and
“4. The Court reserves jurisdiction to consider any matters relating to an award of attorneys fees and costs upon separate motion and hearing.”
ANSTEAD and GLICKSTEIN, JJ., and KLEIN, HERBERT M., Associate Judge, concur.