219 So.2d 735 (1969)
Mildred Diane SHARPS, Appellant,
v.
Samuel SHARPS and Sarah Wertlieb, As Executors of the Estate of Benjamin Sharps, Deceased, Appellees.
No. 68-531.
District Court of Appeal of Florida. Third District.
March 4, 1969.
Rehearing March 24, 1969.
*736 Horton & Schwartz, Forrest, Friedman & Ruffner, Miami, for appellant.
Bolles, Goodwin, Ryskamp & Ware, Fuller & Brumer, Miami, for appellees.
Before CHARLES CARROLL, C.J., and HENDRY and SWANN, JJ.
HENDRY, Judge.
The appellant is a widow seeking construction of an ante-nuptial agreement she entered into with her husband. The pertinent provision therein reads as follows:
"Mildred [appellant] shall receive and accept from the estate of Benjamin [decedent] after his death, if she survives him as his widow, the sum of $150,000.00 free of all inheritance, legacy, estate or succession taxes,
* * * * * *
"The amount to which Mildred is entitled under [the foregoing paragraph] shall be paid in full to Mildred if she survives Benjamin as his widow, as soon after his death as may be practicable; and until paid, such sum shall constitute a charge on the entire estate, real and personal, of which Benjamin may die seized or possessed."
After the appellant and decedent were married, the decedent executed his will which bequeathed $250,000.00 to his wife, the appellant. The will's provision pertinent thereto reads as follows:
"FIRST: I give and bequeath to my beloved wife, Mildred Diane Sharps, free of all taxes, such jewelry, personal effects, household goods and automobiles as I may own at the time of my death, together with all policies of insurance thereon.
"SECOND: I give and bequeath to my beloved wife, Mildred Diane Sharps, the total sum of $250,000.00 free of all taxes. In the event, however, that my wife shall contest any provision of that certain antenuptial agreement entered into on the 29th day of December, 1955, between me and my wife, Mildred Diane Sharps, or should she contest the probate or validity of this will or any provision thereof or institute or join in any proceeding to contest the validity of this will, then the above bequest to my wife shall be revoked and my said wife shall be limited to the specific amount to which she would be entitled under the terms and conditions of the aforesaid antenuptial agreement."
The appellant filed a claim against the estate of the decedent claiming as a creditor to the extent of $150,000.00 which she was provided for in the antenuptial agreement. Timely objection was made to the claim by the co-executors, appellees here, on the grounds that the decedent was not indebted at the time of his death for the $150,000.00 claimed; and further, that any sums due the appellant by virtue of the antenuptial agreement had been provided for in the will in the form of the bequest.
Additional proceedings were had, not relevant here, and the appellees filed motion for judgment on the pleadings. Final *737 judgment on the pleadings was entered and therein the trial court construed the antenuptial agreement to be a contract for testamentary transfer of property that was (1) effective on the date of the death of the decedent, and (2) conditioned on the contingency that the appellant survive the decedent. Moreover, the court also found the antenuptial agreement to be a valid contract to make a will, as provided in § 731.051 Fla. Stat. F.S.A., and that the decedent's will was in fact an implementation of his contractual obligation to so make such a will. The court entered its order holding that the appellant was entitled to the $250,000.00 bequest as set forth in the will and that she was not entitled to recover as a creditor against the estate. This appeal followed.
First, the appellant has questioned the correctness of the court's ruling that she was not a creditor of the estate of her deceased husband. We hold that finding by the trial court to be correct. The contingency set forth in the antenuptial agreement was that the appellant survive the decedent in order to receive the $150,000.00; obviously, this did not vest her with a claim against her husband during his lifetime. The antenuptial agreement was testamentary in character, transferring property after the death of the donor. Chase Federal Savings & Loan Ass'n v. Sullivan, Fla. 1960, 127 So.2d 112; 57 Am. Jur. Wills § 15. The antenuptial agreement was properly construed by the court to be a contract to make a will, because, as we demonstrated in Lindeburg v. Lindeburg, Fla.App. 1964, 162 So.2d 1:
"In a contract to make a will, the promisor has the right to change his will, and * * * the right being enforced against the promisor is the contract right, and not the will, in the case of the breached contract to make a will, * * *"
In the case sub judice, the decedent did not breach his agreement to leave the appellant $150,000.00; in fact, he greatly exceeded this promise with the $250,000.00 bequest.
Appellant's second main point is that she should have been construed not only as a beneficiary under the will, but also as a creditor of the estate by virtue of the antenuptial agreement. This argument is without merit.
Therefore, for the foregoing reasons the final judgment of the trial court is affirmed.