PER CURIAM.
This appeal involves the validity of an agreement entered into by these parties prior to marriage. The agreement, in full, reads as follows:
“AGREEMENT
“THIS AGREEMENT entered into this 25th day of November, 1958, by and between ALFRED BENKE of the City of Chicago, County of Cook and State of Illinois (hereinafter referred to as the ‘FIRST PARTY’), and ALICE M. LINDEMAN, also of the City of Chicago, County of Cook and State of Illinois, (hereinafter referred to as the ‘SEC- ‘ OND PARTY’),
“WITNESSETH:
“WHEREAS, the parties hereto contemplate marriage to each other, and
“WHEREAS, the parties own and are possessed of real and personal property in their own rights respectively, and
“WHEREAS, the parties desire that their contemplated marriage shall not in any way change their existing legal rights or the existing legal rights of the children of the First Party, except as herein otherwise provided,
“NOW, THEREFORE, in consideration of the mutual covenants and agreements hereinafter contained, IT IS AGREED BY AND BETWEEN THE PARTIES HERETO AS FOLLOWS:
*829 “1). If the First Party shall survive the Second Party, he shall not as surviving husband make any claim to any part of the estate of which the Second Party may be seized or possessed; and the First Party, in consideration of said marriage hereby expressly waives and relinquishes all right in and to the real and personal property of which the Second Party may be seized; and all such property shall pass and descend to the heirs at law of the Second Party or as directed by any Will by her executed.
“2). The parties agree that if the Second Party shall survive the First Party, the Second Party shall receive in full release and discharge of all of her claims as surviving widow, heir at law, or otherwise thirty percent (30%) of the net income of the property owned by the First Party located at 125 Sunny Isles Blvd., Miami Beach, 41, Florida. Such income shall be received by the Second Party as long as she shall remain unmarried or until her death. The provision made for the Second Party in this paragraph shall be in full satisfaction, payment and discharge of any and all claims that the Second Party may have to dower or homestead rights in any or all real property of which the First Party may die seized as well as in full satisfaction, payment and discharge of any and all claims that the Second Party may have as his widow or heir at law to an allowance or widow’s award or to any part of his real or personal estate. In consideration of the provisions made for her in this paragraph, the Second Party expressly waives and releases all claims or rights of any nature which she may acquire by reason of said contemplated marriage in any property now owned by the First Party, particularly and especially the property located in Chicago, Cook County, Illinois, and known as the ‘Hotel Property’ or ‘Bentmere Hotel’ on Diversey Parkway, Chicago, Illinois.
“3). In consideration of the said marriage and in consideration of the execution of this agreement, the Second Party covenants and agrees that if she shall survive the First Party she will make no claim to any part or share of the real or personal estate of which the First Party may be seized or possessed, except for that portion of the income of the property on Sunny Isles Blvd., Miami Beach, Florida, mentioned in paragraph 2 hereof.
“4). Except as otherwise provided in Paragraph 2, neither party by virtue of said contemplated marriage shall have or acquire any right, title or claim in and to the real or personal estate of the other, but the estate of each shall descend to or vest in his or her heirs at law, legatees or devisees as may be prescribed by his or her Last Will and Testament, or, in default of such Last Will and Testament, by the Law then in force as though no marriage had taken place between the said parties.
“5). If either party shall mortgage, or sell, or convey his or her real or personal estate, whether in whole or in part, the other party shall, upon demand, from time to time, join in any conveyance, mortgage or deed of conveyance or any other instrument that may be necessary or desirable to make the same effectual.
“6). This agreement is entered into by the parties hereto with full knowledge on the part of each of the extent and probable value of all of the property or estate of the other, and of all the rights that, but for this agreement, would be conferred by law upon each of them in the property or estate of the other by virtue of the consummation of the said proposed marriage; and the rights of the respective parties hereto in and to each other’s property or estate of whatever description the same may be shall be determined, fixed and settled by this agreement and not otherwise.
“7). If any order, judgment or decree shall be entered against either of the parties hereto dissolving the marriage of *830 the said parties, then and from thenceforth the First Party shall be released and discharged of any and all further obligations to the Second Party under this agreement.
“8). This agreement shall bind the parties hereto and their respective heirs, legal representatives and assigns.
“IN WITNESS WHEREOF the parties hereto have hereunto set their hands and seals the day and year first above written.”
Subsequent to the execution of the agree- , ment, the parties were married.
Upon a suit for divorce being brought, the chancellor concluded, among other things, that this agreement did not settle the rights of the parties respecting alimony and, therefore, entered an order directing the appellant to make certain provisions for his former wife relative to alimony and other support items. This appeal has been prosecuted, the only contention being that the agreement determined the appellee’s right to alimony upon divorce and that she would be limited to the provisions provided for in Paragraph 2 above, to wit: thirty per cent of the net income of the Sunny Isles property. No contention was made that the alimony and other rights, as ordered, flowing to the appellee were unreasonable.
The appellant contends most earnestly that Paragraph 7 above sets forth the alimony responsibility and the extent thereof. We do not so conclude. We read this paragraph, upon a review of the agreement in its entirety, to mean that in the event of a decree of divorce there would be no further obligation on the appellant as provided for in Paragraph 2 above relative to the Sunny Isles property. That was the only obligation required of the appellant and that is the only obligation discharged by Paragraph 7.
Therefore, we hold that the agreement in question was a validly executed agreement to settle the property rights of the parties in the event of the death of either of the parties, but was not intended to cover any alimony rights in the event of a dissolution of the marriage; and the final judgment of divorce here under review be and the same is hereby affirmed.
Affirmed.