## HAPWORTH, In Re: The Marriage of
## Case No. 84-814 FR-01
Nineteenth Judicial Circuit, Indian River County

March 28, 1985

### APPEARANCES OF COUNSEL

**G. Russell Petersen** for plaintiff/wife.

**Charles A. Sullivan, Sr.,** for defendant/husband.

### OPINION OF THE COURT

DANIEL M. KILBRIDE, Acting Circuit Judge.

This cause came on to be heard for trial the 27th day of February, 1985. An Answer was duly filed in this cause and the Court has jurisdiction of the parties and the subject matter. After consideration of all of the evidence, the Court finds from the pleadings and evidence that the parties were married on November 26, 1982, in Brevard County, Florida; both parties have been residents of Indian River County, Florida, for more than six months before the commencement of this action; no children were born of this marriage; both parties

entered into an antenuptial agreement on November 23, 1982; and being otherwise duly advised in the premises, it is therefore,

ORDERED AND ADJUDGED as follows:

1. *DISSOLUTION OF MARRIAGE*: The Marriage between DORIS S. HAPWORTH and EMERY H. HAPWORTH is hereby dissolved, the parties, and each of them, are hereby forever freed from the bonds of matrimony previously existing between them and from any obligations arising therefrom. The parties are hereby restored to the status of single persons.

2. *RESTORATION OF FORMER NAME*: Petitioner's former name of MARY DORIS BAKER is hereby restored and she shall be known as MARY DORIS BAKER from this day forward and forevermore.

3. *ANTENUPTIAL AGREEMENT*: The Antenuptial Agreement entered into by the parties on November 23, 1982, does not bar temporary rehabilitative alimony in this cause.

The Court finds, based on the plain language of the Agreement and the law, that this Agreement clearly was drafted in contemplation of the death of the Husbnd but not designed to protect him from being required to pay alimony in the event of a dissolution of this marriage. The language of the document itself clearly refers throughout only to sections of the Florida Probate Code, widow's rights transfer during lifetime and other similar death benefits. The Court feels that under the authority of *Weintraub v. Weintraub*, 417 So.2d 629 (Fla. 1982); *Benke v. Benke*, 254 So.2d 828 (Fla. 3rd DCA 1971); and *Sharpes v. Sharpes*, 219 So.2d 735 (Fla. 2d DCA 1969) the agreement, although a valid agreement in a probate proceeding, did not meet the requirements for validity in a dissolution of marriage proceeding to the extent it barred the Wife from receiving rehabilitative alimony.

4. *TEMPORARY REHABILITATIVE ALIMONY*: Commencing on the 10th day of March, 1985, the Husband shall pay to the Wife the sum of $1,000 per month as rehabilitative alimony. Each payment shall be made to the Clerk of the Circuit Court, Indian River County, Vero Beach, Florida 32960, and by the Clerk remitted promptly to the Wife. In addition, there is hereby assessed the statutory cost to be added to each payment to the Clerk of three per cent (3%). All payments shall be made in cash, money order or cashiers check. Both of the parties are ordered to keep the Clerk of this Court advised of their mailing addresses and residences at all times while this Order is in effect. Said payments shall be continued to be paid on the 10th of each month for a period of eighteen (18) months.

IT IS FURTHER ORDERED that the Husband shall promptly notify the Clerk of Court of all changes in his mailing and residence address, and all changes in the name and address of his employer.

IT IS FURTHER ORDERED that upon Husband's falling in arrears on any support payment, the Clerk of Court is authorized to summon Husband to appear and give a sworn statement as to his current employment status and sources of income. Husband may be summoned to appear before the Clerk by sheriff service or by registered mail, return receipt requested, and the cost thereof shall be reimbursed by the Husband. Failure of the Husband to appear before the Clerk after being properly summoned shall be deemed in contempt of court and punished as such.

IT IS FURTHER ORDERED and ADJUDGED that the alimony payments ordered herein are subject to further orders of this Court for income deduction pursuant to Section 61.181, Florida Statutes (1984). Upon the payment of any support ordered herein becoming delinquent more than 30 days, the Clerk of Court shall promptly apply for an order of income deduction, if appropriate, or enforce the terms of this order by any civil or criminal remedies available by law.

5. *MEDICAL EXPENSES*: The Husband shall be responsible for the Wife's medical expenses incurred during the marriage up to $450.00, as submitted by her to him, whether or not said payments are covered under insurance. Payments and submission of the bills by the Husband shall be done immediately to avoid adversely affecting the Wife's credit rating.

6. *MOVING EXPENSES*: The Wife's moving expenses are hereby denied.

7. *ATTORNEY'S FEES*: The Husband shall be responsible for the Wife's attorney's fees and the costs of this action. This Court reserves jurisdiction for determining the amount of attorney's fees. Payment shall be made by the Husband to G. Russell Petersen, P.A., within ten (10) days of the final judgment setting fees and costs.

8. *JURISDICTION*: Jurisdiction of the parties in this cause is retained for the entry of such other and further relief as the Court may deem just and proper.