486 So.2d 672 (1986)
Dennie G. BEAM and Martharay Beam, Appellants,
v.
UNIVERSITY HOSPITAL BUILDING, Inc., D/B/a Memorial Hospital of Jacksonville, Appellee.
No. BE-119.
District Court of Appeal of Florida, First District.
April 10, 1986.
V. James Facciolo, of Searcy, Facciolo & Ossi, P.A., Jacksonville, for appellants.
Michael J. Davie and Michael C. Pendley, of Bullock, Childs & Mickler, P.A., Jacksonville, for appellee.
SMITH, Judge.
Appellants appeal the trial court's dismissal of their amended complaint, contending that the complaint makes out a cause of action against appellee University Hospital Building, Inc. (Hospital) under either a negligence or an implied contract theory. Appellants also contend that, assuming the complaint established a cause of action in negligence, the trial court's order of dismissal erroneously found by implication that the statute of limitations had run on their negligence claim. We affirm.
Appellant Dennie G. Beam suffered certain injuries on November 29, 1977. As a result, he was unconscious when brought to the emergency room of the appellee hospital. According to appellants' amended complaint, a group of physicians who had staff privileges at the hospital chose another staff physician, Harry L. Collins, Jr., to perform necessary orthopedic procedures on Mr. Beam. The complaint further asserted that the hospital, although it possessed the authority to do so, did not require Collins to "have some means of financial security in order to respond in the event of an act of medical malpractice."
As a result of Dr. Collins' treatment of Mr. Beam, appellants filed suit against Collins, alleging medical malpractice. Subsequently, appellants received a judgment for $360,000 after a jury trial on that cause. However, appellants were not able to collect the full extent of their judgment against Collins, since he possessed neither medical malpractice insurance nor personal or other assets sufficient to cover the amount of the judgment.
Appellants then filed this action against the hospital, as well as the association of staff physicians who assigned Collins to treat Mr. Beam. After the trial court granted the hospital's motion to dismiss, appellants filed an amended complaint in November 1983. The hospital responded with a motion to dismiss the amended complaint, raising as defenses the statute of frauds, the statute of limitations, and failure of the amended complaint to state a cause of action. The trial court granted this motion with prejudice, without stating the basis for its decision.
Appellants raise three grounds which they claim entitle them to reversal of the trial court's order. First, they contend that the hospital's voluntary assumption of control *673 over Mr. Beam created a duty owed him by the hospital to avoid all reasonably foreseeable harm. In this regard, appellants argue that since medical malpractice by a staff physician is a foreseeable consequence of any medical care rendered, the hospital should be held to a standard of care requiring it to demand that its staff carry medical malpractice insurance. Second, appellants contend, assuming arguendo that their complaint states a cause of action in negligence, the trial court's order incorrectly accepted the hospital's statute of limitations defense. According to appellants, under the "discovery" rule for determining when a cause of action accrues, the statute of limitations here would not begin to run until the date appellants secured final judgment against Dr. Collins in their malpractice suit, since this would be the earliest date they could reasonably be expected to have discovered the hospital's negligence in not mandating that Dr. Collins carry malpractice insurance. Finally, appellants contend that Mr. Beam's unconsciousness at the time of admission created an implied contract between him and the hospital that the hospital would provide him with a financially competent physician. We find appellants' first and third arguments to be without merit. That being so, their statute of limitations argument is moot.
As to the negligence claim, the hospital correctly points out that no case, either in Florida or elsewhere, has recognized the tort of negligent selection of a financially "incompetent" physician. Cases from several jurisdictions have recognized a tort concerning hospital selection of medically incompetent physicians, under the doctrine of "corporate negligence". See generally, Annot., 51 ALR 3d 981 (1973). It is true that the corporate negligence doctrine is premised on the notion that it is foreseeable that a hospital's failure to properly investigate an applicant for staff privileges would present a foreseeable risk of harm to the hospital's patients. Johnson v. Misericordia Community Hospital, 99 Wis.2d 708, 301 N.W.2d 156, 164 (Wis. 1981). However, there is nothing in the case law on corporate negligence suggesting that this foreseeability of harm extends to conceivable risks of financial harm a patient might suffer should he sue a physician financially incapable of paying a malpractice judgment. Corporate negligence is said to be based on "increased public reliance on hospitals" for "the highest possible quality" medical care, Pedroza v. Bryant, 101 Wash.2d 226, 677 P.2d 166, 169 (Wash. 1984). No concurrent public reliance on a hospital's monitoring of a staff physician's malpractice judgment-paying skills has been noted in the cases.
Nor is there any merit to appellants' argument that an implied contract existed between Mr. Beam and the hospital to provide him with a fiscally-sound treating physician. Appellants have cited to this court no case even remotely similar to the case at bar where a contract such as the contract appellants assert here was implied. Nor does a fair reading of appellants' complaint indicate reliance on this theory in attempting to state a cause of action. Therefore, we affirm the trial court's dismissal of appellants' amended complaint.
AFFIRMED.
BOOTH, C.J., and WENTWORTH, JJ., concur.