HARRIS, J.
While we affirm the court’s dismissal herein, we hold that it should not be “with prejudice.” We agree, however, that plaintiff should not be permitted to amend.
The facts in this ease are extraordinary. Even though plaintiff had obtained a written corroboration of reasonable grounds to initiate medical negligence litigation, she refused to provide a copy with her notice of intent to initiate a claim because she determined that the doctor against whom the claim was directed had failed to provide adequate presuit discovery. She then filed her malpractice action without providing the corroborative statement. When the doctor moved to dismiss because plaintiff had refused (plaintiff made it clear in her notice that she had the corroborative statement but refused to provide it to the doctor) to comply with the presuit investigation requirements of section 766.203(2), Florida Statutes (1991), she persevered in her insistence that the doctor was not entitled to the statement. Even when the court required an evidentiary hearing on the motion (although she offered to permit *487 the court to examine the statement in camera), she refused to deliver it to the doctor.
The trial court found that the doctor had complied with his obligation to provide discovery. The court found that some of the information insisted on by plaintiff had previously been delivered, at her request, to another doctor and that defendant had provided all the information in his files. Because plaintiff herself had not complied with the presuit discovery requirements, the court dismissed the action and, since the judge believed the statute of limitations had run, dismissed it with prejudice.
The supreme court has held that the corroborative statement may be filed late so long as it is filed within the statute of limitations period. See Kukral v. Meleras, 679 So.2d 278, 288 (Fla.1996) (“[Tjhis Court has held that the failure to comply with the presuit requirements of the statute is not necessarily fatal to a plaintiffs claim so long as compliance is accomplished within the two-year limitations period provided for filing suite.”). It .appears that the statutory limitations period is chosen as the final date the statement may be provided because if the complaint is not filed within that period, then the corroborative statement becomes meaningless. While it is reasonable not to require, on pain of subsequent dismissal, that the corroborative statement accompany the notice of intent, to permit the filing of a lawsuit without first establishing a reasonable basis for the action and furnishing the statement to a prospective defendant seems to gut the entire statutory plan. Therefore, although serving the corroborative statement ivith the notice of intent has been determined not to be jurisdictional, furnishing the statement still appears to be a condition precedent to maintaining suit. If it is not a condition precedent to the filing of the action (and we believe it is), certainly it is necessary to maintain the action once a motion to dismiss on grounds of failure to supply such statement is brought before the court because the plaintiff is then at a “put up dr shut up” stage in the proceeding.
The judge was entirely correct in finding that since plaintiff had unjustifiably refused to comply with the legislative requirements of the statute, her action should be dismissed without leave to amend. However, the court’s ruling was not on the merits. Further, it is impossible from the complaint to tell when the statute of limitations may expire. For that reason, the court should have dismissed without leave to amend but not with prejudice. If plaintiff now has time to comply with the requirements of the statute and still file (or if she has since complied and filed a separate action), the dismissal herein should not bar her action. See Malunney v. Pearlstein, 539 So.2d 493 (Fla. 2d DCA 1989) (dismissal of lawsuit in medical malpractice action for failure to give required notice was not bar to filing a second action based on the same cause), rev. denied, 547 So.2d 1210 (Fla.1989).
AFFIRM.
DAUKSCH and THOMPSON, JJ„ concur.