767 So.2d 1227 (2000)
Donna ROBERT and John Robert, etc., Appellants,
v.
Homer A. PASCHALL, M.D., et al., Appellees.
No. 5D99-3100.
District Court of Appeal of Florida, Fifth District.
July 28, 2000.
Rehearing Denied September 12, 2000.
Timothy D. Ellis and Jennifer Kolinski Millis of Brown, Terrell, Hogan, Ellis, McClamma & Yegelwel, P.A., Jacksonville, and Joel S. Perwin of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, Counsel of Record for the Academy of Florida Trial Lawyers, Amicus Curiae, for Appellants, Donna Robert and John Robert.
Toby S. Monaco and Jennifer Cates Lester of Monaco, Monaco & Birder, P.A., *1228 Gainesville, and Laura Beth Faragasso of Henry, Buchanan, Hudson, Suber & Carter, P.A., Tallahassee, Amicus Curiae, for Appellee Putnam Hospital, Inc.
PLEUS, J.
Donna and John Robert allege that Donna went to Putnam Community Medical Center ("Putnam") for treatment after fracturing her humerus. At Putnam, she was referred to Dr. Homer Paschall, a doctor with staff privileges but no medical malpractice insurance. Four days later, Dr. Paschall operated on Donna at the hospital. In the ensuing lawsuit, the Roberts alleged medical malpractice against Dr. Paschall. They also joined Putnam. The counts against Putnam that were dismissed with prejudice are the subject of this appeal. We reverse.
The Roberts claim that Putnam was negligent because it granted staff privileges to Dr. Paschall knowing he had no medical malpractice insurance and was otherwise not financially responsible under Florida's mandatory financial responsibility law. In short, they allege Dr. Paschall was "bare." Financial responsibility is a statutorily-mandated condition of a physician's ability to maintain staff privileges at a hospital. § 458.320(2)(b), Fla. Stat. (1997).
The trial court dismissed the action with prejudice on the authority of Beam v. University Hospital Bldg., Inc., 486 So.2d 672 (Fla. 1st DCA 1986), a case which rejected the theory that a hospital could be liable for its negligent employment of a financially incompetent physician. The holding in Beam was simply that hospitals have no common law obligation to assure their staff physicians are financially responsible. Even though Beam was decided after the effective date of the Comprehensive Medical Malpractice Reform Act of 1985, Beam does not cite the Reform Act.
The pertinent portion of the Reform Act, section 458.320(2)(b), requires a physician, as a condition of having staff privileges, to maintain professional liability coverage of not less than $250,000 per claim or provide an escrow account or letter of credit in a similar amount. The obvious intent of the legislature was to make sure that a person injured by the medical malpractice of a doctor with staff privileges would be able to ultimately recover at least $250,000 of compensable damages. We read section 458.320(2)(b) as imposing a statutory duty on the hospital to assure the financial responsibility of its staff-privileged physicians who use the hospital for medical treatment and procedures.
This statutory duty is separate and distinct from the common law duty imposed on hospitals to select and retain professionally competent staff physicians. See Insinga v. LaBella, 543 So.2d 209 (Fla. 1989). The theory of liability discussed in Insinga is what has come to be called the corporate negligence doctrine. Insinga recognized that a hospital is the "only entity that can realistically provide quality control" because it is "in a superior position to supervise and monitor physician performance." Id. at 214.
The Roberts and the Academy of Florida Trial Lawyers argue that a doctor who enjoys staff privileges while "bare" is "incompetent," and that Insinga therefore applies. We do not believe that compliance with the state's mandatory financial responsibility law has anything to do with the professional competency of the doctor although we recognize that some doctors may be unable to obtain coverage because of past malpractice.
In holding that the trial court erred in dismissing with prejudice the Roberts' claims against the hospital, we feel compelled to address another issue this case raises, to wit: the question of when the cause of action arises against the hospital. We conclude that the cause of action against the hospital does not arise or accrue until the insured party can establish that the staff-privileged physician is liable *1229 to him or her for medical malpractice. After the cause of action accrues, it will then be necessary to establish, by appropriate evidence, what portion of the judgment the doctor cannot satisfy. The limit of the hospital's liability in any event is $250,000.
We believe this holding is compatible with the legislative intent to make sure that plaintiffs, such as the Roberts, are compensated, assuming they are so entitled, at least up to $250,000. Credit must be given to any amount collected by the Roberts on any judgment obtained against Dr. Paschall.
Thus, a dismissal without prejudice, rather than with prejudice, in favor of Putnam is appropriate upon remand. The Roberts may re-file a complaint against Putnam at the appropriate time.
REVERSED.
DAUKSCH and SAWAYA, JJ., concur.