780 So.2d 170 (2001)
Margaret BAKER and William Baker, her husband, both individually and as the parents and natural guardians of William Patrick Baker, a minor, Appellants,
v.
TENET HEALTHSYSTEM HOSPITALS INC., d/b/a Palms of Pasadena Hospital, Appellee.
No. 2D00-1284.
District Court of Appeal of Florida, Second District.
January 12, 2001.
*171 Joel R. Epperson of Epperson & Associates, P.A., Tampa, for Appellants.
Thomas Saieva of Saieva, Rousselle and Stine, P.A., Tampa, for Appellee.
STRINGER, Judge.
Margaret and William Baker (the Bakers) filed a personal injury action alleging that Margaret's left leg and knee were operated on by Dr. Ronald Hayter at Palms of Pasadena Hospital (Palms), where Dr. Hayter has medical staff privileges. The Bakers further allege that Dr. Hayter negligently performed the surgery resulting in injury to Margaret and that the injury was further aggravated by a subsequent negligent surgical attempt by Dr. Hayter and a Dr. Huff to correct the damage caused by the first surgery.
The Bakers appeal the dismissal with prejudice of count XI of their complaint. The trial court dismissed count XI on the ground that it failed to state a cause of action. Count XI of the Bakers' complaint alleges two distinct theories of liability against appellee, Tenet Healthsystem Hospitals d/b/a Palms of Pasadena Hospital. First, the Bakers allege that Palms was directly negligent in granting staff privileges to an allegedly incompetent physician. Secondly, the Bakers allege that both Drs. Hayter and Huff had inadequate medical malpractice insurance and that Palms was negligent in failing to assure their financial responsibility.
As to the dismissal with prejudice of the portion of count XI alleging liability on the part of Palms for negligently granting staff privileges to allegedly incompetent physicians, we affirm without further discussion. However, as to the dismissal of the portion of count XI that alleges liability on the part of Palms for failing to assure the financial responsibility of Drs. Hayter and Huff, we affirm but remand for entry of an order indicating that the dismissal is without prejudice.
Section 458.320(2)(b), Florida Statutes (1997), mandates financial responsibility as a condition of a physician's ability to maintain staff privileges at a hospital. This section likewise imposes a statutory duty on a hospital to assure the financial responsibility of its staff-privileged physicians who use the hospital for medical treatment and procedures. See Robert v. Paschall, 767 So.2d 1227 (Fla. *172 5th DCA 2000).[1] Thus, count XI does state a cause of action against the hospital under section 458.320(2)(b). However, the cause of action will not accrue until the Bakers establish liability on the part of the staff physicians, and therefore it was brought prematurely. On remand, the trial court is directed to enter an order of dismissal, without prejudice.
Affirmed in part, reversed in part and remanded with directions.
THREADGILL, A.C.J., and WHATLEY, JJ., concur.
NOTES
[1] We note that at the time the order of dismissal was entered by the trial court, Florida courts rejected the theory that a hospital could be liable for its negligent employment of a financially incompetent physician. See Beam v. University Hospital Building, Inc., 486 So.2d 672 (Fla. 1st DCA 1986). Robert was decided subsequent to the ruling in this case.