811 So.2d 827 (2002)
Dorothy BROCATO, as successor plenary guardian of the person and property of Lisa B. Watson, Appellant,
v.
HEALTH OPTIONS, INC., an HMO subsidiary of Blue Cross and Blue Shield of Florida, Inc., a Florida corporation, Appellee.
No. 2D00-3713.
District Court of Appeal of Florida, Second District.
March 22, 2002.
*828 John W. Frost, II, and Peter W. Van-DenBoom of Frost & Saunders, P.A., Bartow, for Appellant.
Nancy W. Gregoire and W. Edward McIntyre of Bunnell, Woulfe, Kirschbaum, Keller, McIntyre & Gregoire, P.A., Fort Lauderdale, for Appellee.
STRINGER, Judge.
Appellant, Dorothy Brocato, as guardian of the person and property of her adult daughter, Lisa B. Watson, appeals an order dismissing with prejudice her complaint against appellee, Health Options, Inc. (HOI). We affirm the dismissal but reverse the entry with prejudice and vacate certain factual findings.
In 1990, Lisa Watson suffered cardiopulmonary arrest which resulted in severe brain damage, leaving her unable to live without total assistance. At the time, Watson was covered under her employer's health insurance policy with Metropolitan Life Insurance Company (Met Life) and continued to be covered under this policy after exercising her COBRA[1] option. The policy also contained a conversion option which would have permitted Watson to elect to continue coverage under an individual policy after her COBRA benefits had expired.
At some time prior to October 1991, Watson's stepfather, an employee of the Polk County Sheriff's Department, was advised that he could enroll Watson in the Polk County health insurance plan. The appropriate forms were completed, and Watson was accepted into the plan on October 1, 1991, thereby forfeiting continued coverage under the Met Life plan and extinguishing her right to elect conversion to an individual policy. At the time of her enrollment, the Polk County plan was administered by HOI, and coverage and eligibility decisions were made by HOI. On May 1, 1993, the Polk County plan became self-funded, and the coverage and eligibility decisions became the responsibility of Polk County.
From October 1, 1991, until December 1999, Watson was provided approximately seventy hours per week of nursing care under the plan. However, in October 1999, Polk County engaged General American Life Insurance Company (General American) as third-party administrator of its health plan, and shortly thereafter, General American determined that the nursing care provided to Watson was "custodial" and therefore not covered under the plan.
Brocato brought suit against General American seeking injunctive and declaratory relief. At the initial hearing for injunctive relief, the trial court ordered nursing care to continue at the rate of six hours per day, seven days per week. As a defense to Watson's complaint, General American argued that the issue of nursing care was moot since Watson was not an eligible dependent when she enrolled in the plan in 1991 because she was married. Watson was subsequently divorced in 1992. In response to this defense, Brocato amended her complaint to add Polk County and HOI as defendants.
Counts V through VII of the amended complaint sought relief against HOI for negligent misrepresentation, fraudulent *829 misrepresentation, and negligence, respectively. Brocato claimed that by accepting Watson as a plan participant in October 1991 and providing coverage for eight years during its tenure as plan administrator, HOI negligently and fraudulently misrepresented that Watson was an eligible plan participant. The complaint alleges that HOI knew, or should have known, of the plan's exclusion and eligibility requirements and, therefore, implies that HOI should have known that Watson was not an eligible participant when she initially enrolled in 1991. However, the amended complaint also alleges that Watson is an "eligible dependent" covered under the plan. These allegations represent a material and fatal inconsistency in Brocato's claims against HOI and General American.
Brocato cannot state a cause of action against General American and Polk County by asserting that Watson is an eligible plan participant, while at the same time asserting that she is ineligible to participate in the plan in her claim against HOI. If Watson is declared ineligible to participate in the plan in her declaratory action against General American and Polk County, she may then have ripe claims for negligence and misrepresentation against HOI.[2] Therefore, the trial court did not err in dismissing Brocato's complaint against HOI for failure to state a cause of action.[3] We find, however, that the dismissal should not have been with prejudice. Dismissal with prejudice will foreclose future claims.
Brocato also alleges that the trial court erred in making the factual finding that Watson suffered no damages when HOI accepted her as a plan participant because Watson acquired COBRA and conversion options under the plan in question. This finding is inconsistent with the allegations in Brocato's complaint and is therefore error. On a motion to dismiss for failure to state a cause of action, a trial court is restricted to a consideration of the well-pleaded allegations of the complaint and must accept those allegations as true. A trial court has no authority to look beyond the complaint by considering the sufficiency of the evidence which either party is likely to produce. Holland v. Anheuser Busch, Inc., 643 So.2d 621 (Fla. 2d DCA 1994). It is clear that the trial court in this case went beyond the four corners of the complaint.
Based on the foregoing, the dismissal order is affirmed in part and reversed in part, and this cause is remanded for further proceedings consistent with this opinion.
Affirmed in part, reversed in part, and remanded.
NORTHCUTT and COVINGTON, JJ., concur.
NOTES
[1] Consolidated Omnibus Budget Reconciliation Act of 1985 § 10003, 42 U.S.C. § 300bb-1 (1986).
[2] We make no comment on the merit of Brocato's future claims against HOI by concluding that they are not yet ripe.
[3] We note that, as a general rule, an action filed prematurely should be abated, rather than dismissed. See Thomas v. Suwannee County, 734 So.2d 492 (Fla. 1st DCA 1999).