862 So.2d 20 (2003)
Lorraine M. Kanavas SHUCK, Appellant,
v.
BANK OF AMERICA, N.A., as Personal Representative of the Estate of David L. Shuck, deceased, and as Successor Trustee of the David L. Shuck Revocable Living Trust, u/a/d November 3, 1993, Appellee.
No. 2D02-5410.
District Court of Appeal of Florida, Second District.
September 19, 2003.
*21 Wm. Fletcher Belcher of Law Offices of Wm. Fletcher Belcher, St. Petersburg; James A. Byrne, St. Petersburg; and W. Russell Snyder of Snyder & Merritt, Venice, for Appellant.
W. Nelon Kirkland of Harrison, Hendrickson & Kirkland, P.A., Bradenton, for Appellee.
WALLACE, Judge.
Lorraine M. Kanavas Shuck ("the widow") appeals the trial court's order dismissing with prejudice her claim against Bank of America, N.A. ("the Bank"), in its capacity as successor trustee of her husband's revocable trust. The widow's claim against the Bank in its capacity as successor trustee was premature because her right to maintain the claim was contingent on events that may or may not occur in the future. Therefore, we affirm the dismissal but reverse the entry with prejudice.
The pertinent facts, as alleged in the widow's first amended complaint, are easily summarized. The widow is the surviving spouse of David L. Shuck ("the decedent"). The Bank is both the personal representative of the decedent's estate and the successor trustee of the decedent's revocable trust. On April 23, 2001, the widow and the decedent executed a prenuptial agreement which provided, in pertinent part, as follows:
The parties agree that the husband shall execute by will or trust provision or by primary beneficiary designation or by addition of the wife as joint holder for the purpose of providing that FIFTY PER CENT (50%) of assets and property, whether real and/or personal wherever located, at husband's death, to the wife, if she is living. The husband shall provide evidence of such execution as requested by the wife.
The parties were married later that day after executing the prenuptial agreement. The decedent died approximately three weeks later. As of the date of his death, the decedent had failed to take the action necessary to make the widow the beneficiary *22 of fifty percent of his assets and property.
An estate was opened for the decedent in Manatee County, Florida, and the Bank was appointed as personal representative of the estate. The widow timely filed a statement of claim in the estate. The Bank objected to the claim, and the widow filed an independent action to enforce the claim. The first count of the widow's first amended complaint was an action for damages for breach of the prenuptial agreement brought against the Bank in its capacity as personal representative of the estate. The second count sought specific performance of the prenuptial agreement against the Bank in its capacities both as personal representative and as successor trustee of the decedent's revocable trust.
The Bank filed an answer to the first count of the widow's first amended complaint raising various affirmative defenses. The Bank also moved to dismiss the second count with prejudice on the ground that the widow did not have an enforceable claim as one of the decedent's creditors. The trial court granted the motion in part by dismissing the second count with prejudice as to the Bank in its capacity as successor trustee of the decedent's revocable trust. The trial court's order allowed the widow to proceed with her claims in both the first and second counts against the Bank in its capacity as personal representative. Thus we are here concerned only with the issue of the Bank's potential liability as successor trustee of the decedent's revocable trust.
At the time of the decedent's death in May 2001, the pertinent statute, section 733.707(3), Florida Statutes (2000), read:
Any portion of a trust with respect to which a decedent who is the grantor has at the decedent's death a right of revocation, as defined in paragraph (e), either alone or in conjunction with any other person, is liable for the expenses of the administration of the decedent's estate and enforceable claims of the decedent's creditors to the extent the decedent's estate is insufficient to pay them as provided in s. 733.607(2).
As the widow has conceded, the trial court's order correctly dismissed her claim against the Bank in its capacity as successor trustee. However, the widow argues that the trial court erred in dismissing with prejudice her claim against the Bank in its capacity as successor trustee "without in some manner qualifying or limiting that prejudice so as to permit [the widow] to seek relief under § 733.707(3), Fla. Stat. (2000), for such `enforceable claims' as she may now have or hereafter acquire." A dismissal with prejudice, the widow argues, overlooks the fact that if a judgment is ultimately entered in favor of the widow on her claim against the Bank in its capacity as personal representative, the widow's claim will then ripen into an "enforceable claim" for which the decedent's revocable trust may be liable under the statute. In that eventuality, the widow is understandably concerned that she would be confronted with the argument that the trust is not liable for the ripened "enforceable claim" because of the doctrine of res judicata or other preclusive effect of the earlier dismissal with prejudice.
The Bank argued in the trial court and argues on this appeal that the widow is not a creditor of the decedent because the widow's claim did not exist at the time of the decedent's death and thus did not vest against the decedent during his lifetime. In support of its position, the Bank cites Sharps v. Sharps, 219 So.2d 735 (Fla. 3d DCA 1969). However, Sharps is clearly distinguishable. The prenuptial agreement under consideration in Sharps obligated the husband to leave his wife the sum of $150,000 if she survived him as his *23 widow. The trial court in Sharps ruled that the surviving spouse was not a creditor of her husband's estate. The appellate court affirmed the trial court's finding on the basis that the husband had in fact left his surviving spouse $250,000, which greatly exceeded his contractual obligation. Id. at 737. In Sharps, the surviving spouse was not a creditor of her deceased husband's estate because he had fully performed his obligations under the prenuptial agreement. In this case, unlike Sharps, the widow alleges that the decedent died without performing the obligations he had assumed under the prenuptial agreement.
We disagree with the Bank's argument that the widow, on the facts alleged in the first amended complaint, could never have an "enforceable claim" as a creditor of the decedent's estate. In Gridley v. Galego, 698 So.2d 273, 275 (Fla. 2d DCA 1997), we said:
In Florida, an antenuptial agreement is a valid contract and is enforceable against the estate. If a decedent breaches a contract to make a will, the right being enforced is a contract right. See Lindeburg v. Lindeburg, 162 So.2d 1, 3 (Fla. 3d DCA), cert. denied, 166 So.2d 754 (Fla.1964) (A husband can be required to answer personally through his estate for his breach of contract of a property settlement agreement).
See also Spohr v. Berryman, 589 So.2d 225 (Fla.1991).
Thus the widow's claim, if established, would be enforceable against the estate of the decedent. Under those circumstances, if and when they occur, both parties appear to assume that the widow may then have an "enforceable claim" that she could enforce directly against the revocable trust to the extent that the decedent's estate may be insufficient to pay claims and expenses of administration pursuant to section 733.707(3). The accuracy of this assumption is not material to the disposition of this appeal and our instructions on remand. Therefore, we will make the same assumption for the purposes of this opinion.[1]
*24 All elements of a cause of action must exist and be complete before an action may properly be commenced. See, e.g., Orlando Sports Stadium, Inc. v. Sentinel Star Co., 316 So.2d 607, 610 (Fla. 4th DCA 1975); Hasam Realty Corp. v. Dade County, 178 So.2d 747, 748 (Fla. 3d DCA 1965). The trial court's order dismissed the widow's amended complaint with prejudice because it was prematurely filed. The dismissal with prejudice of a prematurely filed claim does not bar a subsequent action once the claim has ripened. In the case of Smith v. St. Vil, 714 So.2d 603 (Fla. 4th DCA 1998), the Fourth District said:
[I]t is not the inclusion of the words "with prejudice" which determines whether a dismissal is res judicata, but rather whether the order actually was an adjudication on the merits.
Id. at 605 (citing N. Shore Realty Corp. v. Gallaher, 99 So.2d 255 (Fla. 3d DCA 1957)). The dismissal on the pleadings of a prematurely filed claim does not constitute an adjudication on the merits.[2] Therefore, the doctrine of res judicata does not bar a second action on the claim. See Malunney v. Pearlstein, 539 So.2d 493, 495 (Fla. 2d DCA 1989).
The appropriate disposition of prematurely filed actions varies depending upon the circumstances that give rise to the premature element of the claim. For example, an action filed before the expiration of a statutory waiting period is deemed premature. The premature element of an action filed before the expiration of an applicable statutory waiting period is cured once the waiting period has expired. In cases where the premature element of an action is curable simply by the passage of time, Florida courts have generally disapproved dismissal of the action. Instead, the favored disposition is abatement of the action until the cause matures. See Thomas v. Suwannee County, 734 So.2d 492, 497 (Fla. 1st DCA 1999) (holding that an action challenging a zoning special exception filed prior to the required expiration of thirty days from filing a complaint with the county should have been abated instead of dismissed with prejudice); Interlatin Supply, Inc. v. S & M Farm Supply, Inc., 654 *25 So.2d 254, 255 (Fla. 3d DCA 1995) (finding that an action for defective seed filed prior to filing the required complaint with the Florida Department of Agriculture should have been abated instead of dismissed without prejudice); Angrand v. Fox, 552 So.2d 1113, 1115 (Fla. 3d DCA 1989) (holding that medical malpractice action filed prior to the expiration of the statutory ninety-day screening and investigation period should have been abated instead of dismissed with prejudice).
However, in other premature actions, the mere passage of time is not sufficient to cure the premature element of the action. An action may be premature because one of its essential elements is contingent upon the occurrence of an event that may or may not occur. See Jost v. Lakeland Reg'l Med. Ctr., Inc., 844 So.2d 656 (Fla. 2d DCA 2003) (noting that a claim for spoliation of evidence would not ripen until the underlying medical malpractice case had been resolved); Brocato v. Health Options, Inc., 811 So.2d 827 (Fla. 2d DCA 2002) (holding that claims for fraud and misrepresentation against one defendant would not ripen until the contractually based claims against other defendants failed). In such cases, where the mere passage of time will not cure the premature element of the claim, abatement is not an appropriate disposition, and a dismissal is required.
When abatement of a prematurely filed action is not appropriate, we think the better course is for the trial court to dismiss the action without prejudice instead of with prejudice. This practice is in accord with the recent decisions of this court and other district courts of appeal. See Jost, 844 So.2d at 658; Brocato, 811 So.2d at 829; Baker v. Tenet Healthsystem Hosps., Inc., 780 So.2d 170,171-72 (Fla. 2d DCA 2001); Wright v. Life Ins. Co. of Ga., 762 So.2d 992, 993 (Fla. 4th DCA 2000); Liberty Mut. Ins. Co. v. Farm, Inc., 754 So.2d 865, 866 (Fla. 3d DCA 2000); Dimick-Russell v. Frankel, 734 So.2d 486 (Fla. 5th DCA 1999). The dismissal without prejudice of a prematurely filed action eliminates confusion about the effect of the trial court's order and helps avoid unnecessary appeals.[3]See Smith v. St. Vil, 714 So.2d 603, 605 (Fla. 4th DCA 1998).
In this case, the widow's claim against the decedent's revocable trust is contingent upon her establishing an enforceable claim against the decedent's estate. The outcome of the widow's action against the estate is uncertain. The mere passage of time will not cure the premature element of the widow's claim against the trust. Therefore, abatement is not an appropriate disposition of the premature action, and a dismissal without prejudice is required. A dismissal without prejudice will make clear that the widow's ability to seek relief against the decedent's revocable trust under section 733.707 for such enforceable claims against the decedent's estate as she may now have or hereafter acquire will not be precluded by the effect of a prior dismissal. Therefore, we affirm the trial court's order dismissing count two of the widow's amended complaint against the Bank in its capacity as successor trustee of the decedent's revocable trust, but we remand for the entry of an order providing that such dismissal is without prejudice.
Affirmed in part, reversed in part, and remanded with directions.
CASANUEVA and CANADY, JJ., concur.
NOTES
[1] Although the issue is not now ripe for adjudication, there is reason to doubt that section 733.707(3), Florida Statutes (2000), authorized a decedent's creditor to maintain a direct action against the trustee of a revocable trust for an "enforceable claim" that depended on the liability of the grantor apart from remedies available to the creditor against the personal representative of the estate. Although dicta in Estate of Read v. A.D.K. Properties, 766 So.2d 393, 395 (Fla. 2d DCA 2000), and Tobin v. Damian, 723 So.2d 396, 397 (Fla. 4th DCA 1999), may suggest that such a direct action was available, each case's construction of the term "enforceable claims" in reference to a revocable trust's liability pursuant to section 733.707(3) must be read in conjunction with section 733.607(2). Section 733.607(2) entitled the personal representative to payment from a trust described in section 733.707(3) if the estate assets were insufficient to pay the expenses of administration and enforceable claims of the decedent's creditors. The trust's liability under section 733.707(3) to pay the expenses of administration and enforceable claims of the decedent's creditors in the event of an insufficiency of estate assets was established by express reference to section 733.607(2). These two interrelated sections, together with other procedures available to a decedent's creditor to establish and enforce a claim against a decedent's estate, do not provide for a direct action by a decedent's creditor against a revocable trust after the claim has matured into an "enforceable claim." Nevertheless, in the absence of an express bar to such direct actions that would be applicable to the widow's potential claim, we are not now prepared to conclude that the widow's hypothetical future action against the Bank in its capacity as successor trustee could never proceed, regardless of the circumstances as they may appear then.

We also note that in 2001, the Florida Legislature enacted an express bar to creditors' direct actions against a revocable trust based on the liability of the decedent. This legislation could apply retroactively to the widow in a future direct action against the Bank in its capacity as successor trustee depending upon when her rights are deemed to have vested and whether her rights are deemed to be substantive or procedural. Specifically, the legislature enacted section 737.3061(1), Florida Statutes (2002), effective January 1, 2002, which prohibits a creditor from filing or continuing, after the death of the grantor, a direct action against a revocable trust, the trustee, or a beneficiary of the trust based upon a claim "that is dependent on the individual liability of the grantor." The statute directs that such claims instead be presented and enforced against the grantor's estate. Ch.2001-226, § 189, at 2088, § 195, at 2090, Laws of Fla. Section 731.155, Florida Statutes (2002), provides that the "substantive rights of all persons that have vested prior to January 1, 2002, shall be determined as provided" in former provisions of the Florida Probate Code. Section 731.155 provides further, with exceptions not here pertinent, that the "procedures for the enforcement of substantive rights which have vested prior to January 1, 2002, shall be as provided in this act."
The trial court did not address whether the widow could ever have a right to proceed directly against the Bank in its capacity as trustee under the law as it existed before enactment of section 737.3061, or what effect, if any, section 737.3061 would have on that right, if it exists. In addition, the parties have not argued these questions before this court. These issues are not presently before us, and their resolution is not necessary to our disposition of this appeal. Accordingly, we expressly do not reach these issues.
[2] The dismissal of a prematurely filed action after trial is on the merits and should be made with prejudice. Under these circumstances, the doctrine of res judicata will bar a subsequent action. See Hardcastle v. Mohr, 483 So.2d 874, 875 (Fla. 2d DCA 1986).
[3] The widow would almost certainly not have taken this appeal if the trial court had made its dismissal of the widow's premature action without prejudice instead of with prejudice.