# Third District Court of Appeal

## State of Florida

Opinion filed August 2, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1796
Lower Tribunal No. 22-6298 SP
_____

**Age of Empire, Inc., etc.,**
Appellant,

vs.

**Ocean Two Condominium Association, Inc., etc.,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Miesha Darrough, Judge.

Craig B. Shapiro, P.A., and Craig B. Shapiro, for appellant.

Continental PLLC, and John Arrastia, Jr., Brandon J. Hechtman and Carlos Enrique Alvarez, for appellee.

Before EMAS, LINDSEY and GORDO, JJ.

GORDO, J.

Age of Empire, Inc. ("Empire") appeals an order granting Ocean Two Condominium Association, Inc.'s ("the Association") motion to dismiss with prejudice. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). Finding no error in the trial court's dismissal of the case filed before it, we affirm.

In February of 2020, Empire and the Association entered into a contract ("the Construction Agreement") where Empire would provide restoration and improvement services for the Association's premises located in Sunny Isles Beach, Florida. Empire allegedly timely performed and complied with each obligation required under the Construction Agreement. On February 25, 2022, Empire filed an initial complaint asserting a single count for breach of contract alleging the Association failed to make final payment under the Construction Agreement, which it attached to the complaint. Empire later filed an amended complaint to which it attached a final contractor's affidavit dated June 10, 2022, as proof that it satisfied the condition precedent to final payment pursuant to the Construction Agreement. The Association filed a motion to dismiss the amended complaint arguing the newly attached exhibit demonstrated that Empire failed to perform a contractual condition precedent to filing the lawsuit. After a hearing, the trial court granted the motion, dismissing Empire's amended

complaint with prejudice only as to the lawsuit before it but not as to the actual claim. This appeal followed.

"We review de novo an order granting a motion to dismiss with prejudice." Johansson v. Miami-Dade Cnty. Value Adjustment Bd., 346 So. 3d 90, 92 (Fla. 3d DCA 2022). "It is the established rule that, upon a motion to dismiss a complaint for failure to state a cause of action, all material allegations of the complaint are taken as true . . . . Those allegations are then reviewed in light of the applicable substantive law to determine the existence of a cause of action." Peeler v. Indep. Life & Acc. Ins. Co., 206 So. 2d 34, 36 (Fla. 3d DCA 1967) (citations omitted). "'Any exhibit attached to a pleading shall be considered a part thereof for all purposes'. Rule 1.130(b), R.C.P., 30 F.S.A. In considering the motion to dismiss the trial court was required to consider the exhibit (deposition) attached to and incorporated in the amended complaint." Harry Pepper & Assocs., Inc. v. Lasseter, 247 So. 2d 736, 736 (Fla. 3d DCA 1971); see also Fla. R. Civ. P. 1.130(b) ("Any exhibit attached to a pleading must be considered a part thereof for all purposes.").

Article 6.2 of the Construction Agreement provides: "[f]inal payment shall not be due until the Contractor has delivered to the Association . . . a final contractor's affidavit pursuant to Section 713.06(2), Florida Statutes."

Where the allegations in the complaint are contradicted by the complaint's attached exhibits, the plain meaning of the exhibits control and may be the basis for a motion to dismiss. See Hunt Ridge at Tall Pines, Inc. v. Hall, 766 So. 2d 399, 401 (Fla. 2d DCA 2000) ("Where complaint allegations are contradicted by exhibits attached to the complaint, the plain meaning of the exhibits control and may be the basis for a motion to dismiss."); Ginsberg v. Lennar Fla. Holdings, Inc., 645 So. 2d 490, 494 (Fla. 3d DCA 1994) ("When a party attaches exhibits to the complaint those exhibits become part of the pleading and the court will review those exhibits accordingly."). Here, the exhibits unequivocally established that Empire did not deliver the final contractor's affidavit to the Association prior to filing suit, a condition precedent to a breach of contract claim for failure to tender final payment under the Construction Agreement. As such, we find the trial court properly dismissed the claim before it and noted that a future claim would not be barred, as dismissal with prejudice was only as to the lawsuit before it but not the actual claim. "The dismissal with prejudice of a prematurely filed claim does not bar a subsequent action once the claim has ripened." Shuck v. Bank of Am., N.A., 862 So. 2d 20, 24 (Fla. 2d DCA 2003).

Affirmed.