# Third District Court of Appeal

## State of Florida

Opinion filed April 30, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0337
Lower Tribunal No. 23-14000
_____

**Jacquelyn Adelson,**
Appellant,

vs.

**Jodi Kalter, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Kluger, Kaplan, Silverman, Katzen and Levine, P.L., and Bruce A. Katzen, and Marissa A. Reichel, and Samson Appellate Law, and Daniel M. Samson, for appellant.

Buchbinder & Elegant, P.A., and Harris J. Buchbinder, for appellee.

Before GORDO, BOKOR and GOODEN, JJ.

PER CURIAM.

This case concerns interpretation of a prenuptial agreement and trust documents. Because we find that summary judgment was properly entered, we affirm.

Appellant Jacquelyn Adelson and her deceased husband entered into a prenuptial agreement. It provided that, upon the death of her husband, Adelson would receive the greater of $250,000 or an amount equal to ten percent of the estate. Two months after the marriage, the decedent amended his trust documents to reflect the terms of the prenuptial agreement. Six years later, however, the decedent executed a third amendment to his trust documents. It provided Adelson would receive $1,000,000 upon his death. This amendment stated that the prior amendment was "deleted in its entirety."

In 2022, the decedent passed away. At the time, his net estate was worth $4,943.475.59. Adelson received $1,000,000 from the estate in accordance with the third amendment. But Adelson filed a statement of claim seeking an additional amount— the greater of $250,000 or an amount equal to ten percent of the estate. Appellee Jodi Kalter, the personal representative of the estate, objected.

Thereafter, Adelson filed suit asserting she is entitled the additional amount, claiming the trust was an additional gift and she is entitled to these

monies under the prenuptial agreement.  Both parties moved for summary judgment.  After hearing from both parties, the trial court granted Kalter's motion and denied Adelson's.

A will or trust that bequests a different—*but greater*—amount than required by a prenuptial agreement generally complies with the prenuptial agreement.  See Sharps v. Sharps, 219 So. 2d 735, 737 (Fla. 3d DCA 1969) (holding husband did not breach his agreement to leave his wife $150,000 when he "greatly exceeded his promise with the $250,000 bequest"); In re Sacks' Estate, 267 So. 2d 888, 888 (Fla. 3d DCA 1972) (holding that greater amount was in satisfaction of, and not in addition to, the lower amount in the prenuptial agreement).  Decedent not only complied with his obligation under the prenuptial agreement—he exceeded it.  Thus, he did not breach his contract and Adelson has been paid all sums she is entitled to.  Summary judgment was proper.

Affirmed.