844 So.2d 656 (2003)
Karyen P. JOST, as Personal Representative of the Estate of Arthur Myers, deceased, Appellant,
v.
LAKELAND REGIONAL MEDICAL CENTER, INC., a corporation; American Continental Insurance Company, a corporation; Amir Ahmad, M.D. and Amir Ahmad, M.D., P.A., a professional association, Appellees.
No. 2D01-4549.
District Court of Appeal of Florida, Second District.
March 12, 2003.
*657 W.C. Gentry and Corinne C. Hodak, Jacksonville, for Appellant.
Raymond T. Elligett, Jr. of Schropp, Buell & Elligett, P.A., Tampa, for American Continental Ins. Co., Appellee.
Tricia B. Valles of Hahn, Morgan & Lamb, P.A., Tampa, for Lakeland Regional Medical Center, Appellee.
No appearance for Appellees Amir Ahmad, M.D. and Amir Ahmad, M.D., P.A.
COVINGTON, Judge.
The alleged spoliation of evidence in a medical malpractice case provides the framework for this appeal. Ms. Jost, in her amended complaint, claimed that Lakeland Regional Medical Center (LRMC) had rendered negligent medical treatment to Arthur Myers and that both LRMC and American Continental Insurance Co. (ACIC) had concealed or destroyed evidence. ACIC moved to dismiss the amended complaint while LRMC moved to dismiss the four counts dealing with the spoliation of evidence. The trial court entered an order granting with prejudice both ACIC's and LRMC's motions to dismiss. We affirm the dismissal, with respect to LRMC, of the four counts of the amended complaint concerning the spoliation of evidence. As to ACIC, while we affirm the trial court's dismissal of the concealment of evidence claims, we reverse the dismissal with prejudice of the destruction of evidence charges and find that the dismissal of those claims should have been without prejudice.
This is not the first time the parties have been before this court. Initially Ms. Jost, then acting as plenary guardian of Mr. Myers, filed a medical malpractice lawsuit alleging that the permanent brain damage suffered by Mr. Myers occurred as a result of the negligence of Dr. Amir Ahmad and LRMC. The case was tried before a jury and resulted in a verdict in favor of the defendants. One of the grounds on appeal was the trial court's exclusion of communications between Dr. Walter Gray, a fact witness called by Ms. Jost, and the risk management officer where Dr. Gray worked. Finding that the trial court committed reversible error in excluding the communications, this court ordered that a new trial be held. Jost v. Ahmad, 730 So.2d 708, 711 (Fla. 2d DCA 1998).
After remand, but before a retrial could occur, Mr. Myers died. In her capacity as personal representative of Mr. Myers' estate, Ms. Jost filed the amended complaint at issue which presented the same claims for medical malpractice previously asserted. In addition, the amended complaint joined ACIC, the insurer for LRMC, and added the counts for spoliation of evidence against both LRMC and ACIC.
ACIC and LRMC moved to dismiss the spoliation counts arguing, in part, that Ms. Jost had failed to state a cause of action. The trial court dismissed with prejudice the spoliation counts while allowing the medical malpractice charges to go forward. On appeal, Ms. Jost submits that a cause of action for spoliation has long been authorized under Florida law and that it was error for the trial court to dismiss her claims for spoliation. In a recent opinion, this court acknowledged that "[s]poliation is a recognized cause of action in Florida." Townsend v. Conshor, Inc., 832 So.2d 166, 167 (Fla. 2d DCA 2002). In order to establish a cause of action for spoliation, a party must show:
(1) [the] existence of a potential civil action, (2) a legal or contractual duty to preserve evidence which is relevant to the potential civil action, (3) destruction of that evidence, (4) significant impairment *658 in the ability to prove the lawsuit, (5) a causal relationship between the evidence destruction and the inability to prove the lawsuit, and (6) damages.

Hagopian v. Publix Supermarkets, Inc., 788 So.2d 1088, 1091 (Fla. 4th DCA 2001) (quoting Continental Ins. Co. v. Herman, 576 So.2d 313, 315 (Fla. 3d DCA 1990)).
In her amended complaint, Ms. Jost has intertwined her claims of concealment and destruction of evidence as the basis for the spoliation charges. Concealment of evidence, however, does not form a basis for a claim of spoliation. See, e.g., Florida Evergreen Foliage v. DuPont, 165 F.Supp.2d 1345, 1360 (S.D.Fla.2001) (concluding that "`concealment' of evidence is not actionable under Florida law"). Thus, we affirm the trial court's dismissal with prejudice as to that portion of the amended complaint alleging concealment of evidence.
The Fourth District recently had the opportunity to address the issue of spoliation of evidence in Martino v. Wal-Mart Stores, Inc., 835 So.2d 1251 (Fla. 4th DCA 2003). Certifying conflict with the Third District's opinion in Bondu v. Gurvich, 473 So.2d 1307 (Fla. 3d DCA 1984), the Martino court held that "an independent cause of action for spoliation of evidence is unnecessary and will not lie where the alleged spoliator and the defendant in the underlying litigation are one and the same." We align ourselves with the Fourth District and agree that the plaintiff can avail itself of "the adverse inferences and the myriad of other available sanctions" to address the harm that it may have suffered due to the destruction of the evidence. Martino, 835 So.2d at 1256. Since LRMC is the defendant in the underlying cause of action, we affirm the dismissal of the four counts of the amended complaint dealing with spoliation of evidence. However, on remand, we direct the trial court to apply Martino and to determine what negative inferences, sanctions, or jury instructions, if any, may be appropriate.
Without reaching the merits of whether the destruction of evidence claims state a cause of action for spoliation, we believe that Ms. Jost's claim against ACIC is premature. "[A] spoliation claim is an `independent cause of action for negligence' that `does not arise until the underlying action is completed.'" Townsend, 832 So.2d at 167-68 (quoting Lincoln Ins. Co. v. Home Emergency Servs., Inc., 812 So.2d 433, 434-35 (Fla. 3d DCA 2001)). Thus, Ms. Jost's spoliation allegations against ACIC will not be ripe until the underlying medical malpractice case has been resolved. Accordingly, the trial court is directed to dismiss these claims without prejudice so that, if appropriate, they can be raised at a later date.
Affirmed in part, reversed in part, and remanded in accordance with instructions.
CASANUEVA, J., and GALLEN, THOMAS M., ASSOCIATE JUDGE, Concur.