**Patricia JAMES, Emory
James, Plaintiffs,**

v.

**U.S. AIRWAYS, INC., Defendant.**

No. 6:04CV594ORL19JGG.

United States District Court,
M.D. Florida,
Orlando Division.

June 28, 2005.

other claims asserted by Shields against Hughes.

Council Wooten, Jr., Wooten, Honeywell, Kimbrough, Gibson, Dougherty & Normand, P.A., Orlando, FL, for Plaintiffs.

J. Thompson Thornton, Thornton, Davis & Fein, Miami, FL, for Defendant.

## ORDER

FAWSETT, Chief Judge.

This case comes before the Court on the following:

1. Plaintiffs Patricia James and Emory James's ("James") Motion to Amend Complaint. (Doc. No. 52, filed June 1, 2005).

2. Defendant U.S. Airways, Incorporated's Response in Opposition to Plaintiffs' Motion to Amend Complaint. (Doc. No. 53, filed June 20, 2005).

In their motion, Plaintiffs seek to add a claim for the intentional or negligent spoilation of evidence. (Doc. No. 52, ¶¶ 8–10). Both Plaintiffs and Defendant have briefed the issue of whether such claim is properly alleged in this proceeding. Although Plaintiffs motion to amend the complaint was filed within the time permitted by the Court's Amended Case Management and Scheduling Order (Doc. No. 49, filed April 7, 2003, p. 1), a claim for intentional or negligent spoilation of evidence is not cognizable at this stage, if at all, under Florida law.

### I. Intentional Spoilation of Evidence

As discussed by the court in *Silhan v. Allstate Ins. Co.*, 236 F.Supp.2d 1303, 1308 (N.D.Fla.2002), Florida courts have neither defined nor applied a claim for intentional spoilation of evidence. This Court declines to find a cause of action under state law where Florida courts have not. Plaintiff's motion is denied as to the intentional spoilation of evidence claim.

### II. Negligent Spoilation of Evidence

#### A.

Presently, Florida courts differ as to whether an independent cause of action for

spoilation may lie where there is a so-called first party spoiler, *i.e.* where the alleged spoilator and the defendant in the underlying claim are one and the same. *Jost v. Lakeland Reg'l Med. Ctr., Inc.*, 844 So.2d 656, 658 (Fla. 2d DCA 2003) (recognizing the conflict between the Second, Third and Fourth District Courts of Appeal). In *Bondu v. Gurvich*, 473 So.2d 1307, 1312 (Fla. 3d DCA 1984), the Third District Court of Appeal recognized such a cause of action after considering long-standing principles of negligence. In contrast, the Fourth District Court of Appeal held that first party spoilation claims cannot lie and expressly recognized its holding was in conflict with that of *Bondu*. *See Martino v. Wal–Mart Stores, Inc.*, 835 So.2d 1251, 1255–56 (Fla. 4th DCA 2003). Likewise in *Jost*, the Second District Court of Appeal concluded that first party spoilation claims were not permitted in view of the availability of litigation sanctions and other measures. *See Jost*, 844 So.2d at 658.

Although the Florida Supreme Court is aware of and has held oral arguments discussing the conflict among *Bondu*, *Martino* and *Jost*, its review of the issue was precluded by voluntarily dismissal. *See* Florida Supreme Court Online Docket, Case Nos. SC03–0334 & SC03–956, *available at* http://jweb.flcourts .org/pls/docket/ds_ docket_search (last visited June 22, 2005). Until this review, the Florida Supreme Court had considered spoilation claims only indirectly. *See Humana Worker's Comp. Services v. Home Emergency Services, Inc.*, 842 So.2d 778 (Fla. 2003). In *Humana*, the court decided whether an employer,s liability insurance policy provided coverage for a claim of negligent spoilation of evidence. *Id.* at 780. The court reasoned that such claim was not for "bodily injury by accident,"and

therefore did not fall within the provided insurance coverage. *See id.* at 781. As such, there was no need for the court to address the availability of a spoilation claim under Florida law.

It would appear, however, that third party spoilation claims, *i.e.* claims where the underlying action is against another defendant, are permitted even under this cloud of conflicting authority. A close reading of *Martino* and *Jost* reveals that both courts limited their holdings to first party spoilation claims. In *Martino*, the court expressly disapproved of situations where "the defendant in the spoilation claim is also the defendant in the underlying claim allegedly impaired by the loss or destruction of the evidence." *Martino*, 835 So.2d at 1254. In *Jost*, the court dismissed the first party spoilation claims while permitting the plaintiffs' third party claims to be raised at a latter date. *See Jost*, 844 So.2d at 658. Moreover, the Second District Court of Appeal continues to permit third party spoilation claims. *See Kimball v. Publix Super Markets, Inc.*, 901 So.2d 293 (Fla. 2d DCA 2005).

**B.**

In the instant case, it is not entirely clear whether Count II is a first party spoilation claim or a third party spoilation claim. The proposed amended complaint avers "the loss and destruction of this evidence has resulted in a significant impairment in the Plaintiffs' ability to prove their claim, and to rebut or otherwise defend against the defense raised by Defendant." (First Amended Complaint, Doc. No. 52, filed June 1, 2005, ¶ 18). Although pleadings should be concise and direct, the Federal Rules of Civil Procedure permit alternative theories within a single count, and the Court will treat Count II as plead-

ing both a first party and third party spoilation claim. *See* Fed.R.Civ.P. 8(e)(2).

## C.

 To the extent that this language of the proposed amended complaint alleges a first party spoilation claim, the Court agrees with the opinions in *Martino* and *Jost.* In such cases, the issue of spoilation can be better resolved, if necessary, through the use of litigation sanctions, adverse inferences and other means within the Court's authority. As such, the Court denies Plaintiffs' motion to amend to add a first party spoilation claim.

## D.

Plaintiffs also contend their personal injury claim against the Defendant's passenger was impaired by Defendant's spoilation of evidence. The claim, however, fails to identify a duty owed by Defendant to the Plaintiffs to maintain the passenger identification list. Plaintiffs attempt to establish this duty two ways.

First, Plaintiffs contend Defendant "was on actual notice of the existence of a possible personal injury lawsuit" the day the injury occurred. (*Id.* at ¶ 15). The Third District Court of Appeal, however, has held there is no common law duty to preserve evidence absent a formal notice of intent to sue. *See Penn. Lumberman's Mut. Ins. Co. v. Fla. Power & Light Co.,* 724 So.2d 629, 630 (Fla. 3d DCA 1998). Here, Plaintiffs neither allege nor present evidence showing Defendant was given formal notice prior to the destruction of the passenger identification list. Thus, Plaintiffs' first attempt to establish a duty fails as a matter of law.

Next, Plaintiffs assert that Defendant was under an administrative duty to main-

tain the destroyed evidence based on 14 C.F.R. § 249.1 *et seq.* which provide for the preservation of certain enumerated air carrier records. Those provisions of the Code of Federal Register, however, do not pertain to the type of record at issue here. The Court finds no administrative provision in this part requiring certified air carriers to maintain the actual seat assignments of passengers. As such, the complaint fails to allege an administrative duty to maintain the evidence at issue.

Accordingly, the Court denies that portion of Plaintiffs' motion to amend which pertains to a third party spoilation claim.

### III. Conclusion

Based on the foregoing, the Court **DENIES** Plaintiffs' Motion to Amend. (Doc. No. 52).