# Supreme Court of Florida

_____

No. SC18-694

_____

**IN RE:  STANDARD JURY INSTRUCTIONS IN CIVIL CASES —
REPORT NO. 18-01.**

September 13, 2018

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Civil Cases

(Committee) has submitted proposed changes to the Standard Jury Instructions in

Civil Cases and asks that the Court authorize the amended standard instructions for

publication and use.  We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.

The Committee proposes amendments to instructions 402.4 (Medical

Negligence) and 402.9 (Preliminary Issues — Vicarious Liability).  The

Committee's proposals were published in *The Florida Bar News* and no comments

were received that addressed the Committee's proposals, which are straightforward

and noncontroversial.

The Committee proposes removing the second paragraph of instruction

402.4a (Medical Negligence), which is derived from section 766.102(2)(a), Florida

Statutes, and concerns the standard of care for affirmative medical intervention. The paragraph provides:

> If you find that (describe treatment or procedure) involved in this case was carried out in accordance with the prevailing professional standard of care recognized as acceptable and appropriate by similar and reasonably careful [physicians] [hospitals] [health care providers], then, in order to prevail, (claimant) must show by the greater weight of the evidence that his or her injury was not within the necessary or reasonably foreseeable results of the treatment or procedure.

The Committee proposes deleting this paragraph because it is susceptible to varying interpretations as it can be read as instructing the jury that it may find that the defendant acted within the prevailing professional standard of care and still find the defendant liable. *See Auster v. Gertrude & Philip Strax Breast Cancer Detection Inst.,* 649 So. 2d 883 (Fla. 4th DCA 1995). We delete the second paragraph from instruction 402.4a, as proposed.

The Committee also proposes deleting the second Note on Use for instruction 402.4a, which refers to the second paragraph of the instruction, and removing the numbering for the remaining Note on Use. We delete the second Note on Use for 402.4a and remove the numbering for the remaining Note on Use, as proposed.

Next, instruction 402.9a(1) is modified, as proposed by the Committee, to make clear that the determination of whether an individual is an independent contractor or an employee for purposes of vicarious liability should be based on the

circumstances of the parties' dealings with each other and not on the basis of the labels used by them. The Committee determined that the proposed amendment removes ambiguity from the instruction.

Having considered the Committee's report, we authorize the amended instructions, as set forth in the appendix to this opinion, for publication and use. New language is indicated by underlining, and deleted language is indicated by struck-through type. In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. The instructions set forth in the appendix shall become effective when this opinion becomes final.

It is so ordered.

CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Civil Cases

Laura K. Whitmore, Chair, Supreme Court Committee on Standard Jury

Instructions in Civil Cases, Tampa, Florida, Jeffrey Alan Cohen, Vice Chair and Subcommittee Chair, Miami, Florida, and Nichole J. Segal, Filing Subcommittee of the Supreme Court Committee on Standard Jury Instructions in Civil Cases, West Palm Beach, Florida,

for Petitioner

# APPENDIX

## 402.4 MEDICAL NEGLIGENCE

a. *Negligence (physician, hospital or other health provider):*

**Negligence is the failure to use reasonable care. Reasonable care on the part of a [physician] [hospital] [health care provider] is that level of care, skill and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by similar and reasonably careful [physicians] [hospitals] [health care providers]. Negligence on the part of a [physician] [hospital] [health care provider] is doing something that a reasonably careful [physician] [hospital] [health care provider] would not do under like circumstances or failing to do something that a reasonably careful [physician] [hospital] [health care provider] would do under like circumstances.**

**[If you find that** (describe treatment or procedure) **involved in this case was carried out in accordance with the prevailing professional standard of care recognized as acceptable and appropriate by similar and reasonably careful [physicians] [hospitals] [health care providers], then, in order to prevail,** (claimant) **must show by the greater weight of the evidence that his or her injury was not within the necessary or reasonably foreseeable results of the treatment or procedure.]**

NOTES ON USE FOR 402.4a

1. See *F.S.* 766.102. Instruction 402.4a is derived from *F.S.* 766.102(1) and is intended to embody the statutory definition of "prevailing professional standard of care" without using that expression itself, which is potentially confusing.

2. The second bracketed paragraph is derived from *F.S.* 766.102(2)(a) and should be given only in cases involving a claim of negligence in affirmative medical intervention.

b. *Negligence (treatment without informed consent):*

**[Negligence is the failure to use reasonable care.] Reasonable care on the part of a [physician] [health care provider] in obtaining the [consent] [informed consent] to treatment of a patient consists of**

- 5 -

*(1).    When issue is whether consent was obtained irregularly:*

**obtaining the consent of the patient [or one whose consent is as effective as the  patient's own consent such as** (describe)]**, at a time and in a manner in accordance with an accepted standard of medical practice among members of  the profession with similar training and experience in the same or a similar  medical community.**

*(2).    When issue is whether sufficient information was given:*

**providing the patient [or one whose informed consent is as effective as the patient's informed consent, such as** (describe)] **information sufficient to give a  reasonable person a general understanding of the proposed treatment or procedure, of any medically acceptable alternative treatments or procedures,  and of the substantial risks and hazards inherent in the proposed treatment or  procedure which are recognized by other [physicians] [health care providers]  in the same or a similar community who perform similar treatments or  procedures.**

NOTE ON USE FOR 402.4b

This instruction is derived from the provisions of *F.S.* 766.103.

*c.    Foreign bodies:*

**[Negligence is the failure to use reasonable care.] The presence of** (name  of foreign body) **in** (patient's) **body establishes negligence unless** (defendant(s)) **prove(s) by the greater weight of the evidence that [he] [she] [it] was not  negligent.**

NOTES ON USE FOR 402.4c

1.      This instruction is derived from *F.S.* 766.102(3). The statute uses the  term "prima facie evidence of negligence." The committee recommends that term  not be used as not helpful to a jury. Rather, the committee has used the definition  of prima facie. See, *e.g.*, *State v. Kahler*, 232 So. 2d 166, 168 (Fla. 1970) ("prima  facie" means "evidence sufficient to establish a fact unless and until rebutted").

- 6 -

2.     Before this instruction is given, the court must make a finding that the foreign body is one that meets the statutory definition. See *Kenyon v. Miller*, 756 So. 2d 133 (Fla. 3d DCA 2000).

d.     *Failure to maintain evidence or keep a record:*

*(1).    Adverse Inference.*

**If you find that:**

(Name of party) **[lost] [destroyed] [mutilated] [altered] [concealed] or otherwise caused the** (describe evidence) **to be unavailable, while it was within [his] [her] [its] possession, custody, or control; and the** (describe evidence) **would have been material in deciding the disputed issues in this case; then you may, but are not required to, infer that this evidence would have been unfavorable to** (name of party). **You may consider this, together with the other evidence, in determining the issues of the case.**

NOTES ON USE FOR 402.4d(1)

1.     This instruction is not intended to limit the trial court's discretion to impose additional or other sanctions or remedies against a party for either inadvertent or intentional conduct in the loss, destruction, mutilation, alteration, concealment, or other disposition of evidence material to a case. See, *e.g.*, *Golden Yachts, Inc. v. Hall*, 920 So. 2d 777, 780 (Fla. 4th DCA 2006); *Am. Hosp. Mbmt. Co. of Minnesota v. Hettiger*, 904 So. 2d 547 (Fla. 4th DCA 2005); *Jost v Lakeland Reg. Med. Ctr.*, 844 So. 2d 656 (Fla. 2d DCA 2003); *Nationwide Lift Trucks, Inc. v. Smith*, 832 So. 2d 824 (Fla. 4th DCA 2002); *Torres v. Matsushita Elec. Corp.*, 762 So. 2d 1014 (Fla. 5th DCA 2000); and *Sponco Mfg., Inc. v. Alcover*, 656 So. 2d 629 (Fla. 3d DCA 1995).

2.     The inference addressed in this instruction does not rise to the level of a presumption. *Pub. Health Tr. of Dade Cty. v. Valcin*, 507 So. 2d 596 (Fla. 1987), and Instruction 402.4d(2).

3.     This instruction may require modification in the event a factual dispute exists as to which party or person is responsible for the loss of any evidence.

*(2).    Burden shifting presumption.*

**The court has determined that** (name of party) **had a duty to [maintain** (describe missing evidence)**] [keep a record of** (describe subject matter as to which party had record keeping duty)**].** (Name of party) **did not [maintain** (describe missing evidence)**] [or] [keep a record of** (describe subject matter as to which party had record keeping duty)**].**

**Because** (name of party) **did not [maintain** (describe missing evidence)**] [or] [keep a record of** (describe subject matter as to which party had a record keeping duty)**], you should find that** (name of invoking party) **established [his] [her]** (describe applicable claim or defense) **unless** (name of party) **proves otherwise by the greater weight of the evidence.**

NOTES ON USE FOR 402.4d(2)

1.      This instruction applies only when the court has determined that there was a duty to maintain or preserve the missing evidence at issue and the party invoking the presumption has established to the satisfaction of the court that the absence of the missing evidence hinders the other party's ability to establish its claim or defense. See *Pub. Health Tr. of Dade Cty. v. Valcin*, 507 So. 2d 596 (Fla. 1987).

2.      This instruction may require modification in the event a factual dispute exists as to which party or person is responsible for the loss of any evidence.

*e.      Res Ipsa Loquitur:*

**[Negligence is the failure to use reasonable care.] If you find that ordinarily the [incident] [injury] would not have happened without negligence, and that the** (describe the item) **causing the injury was in the exclusive control of** (defendant) **at the time it caused the injury, you may infer that** (defendant) **was negligent unless, taking into consideration all of the evidence in the case, you find that the** (describe event) **was not due to any negligence on the part of** (defendant)**.**

## 402.9 PRELIMINARY ISSUES — VICARIOUS LIABILITY

**On** (claimant's) **claim there is a preliminary issue for you to decide. That issue is:**

*a.      Agency:*

*(1). Employment, including independent contractor and exceptions:*

**whether** (name) **was an employee of** (defendant) **and was acting within the scope of [his] [her] employment at the time and place of the incident in this case. An employee is a person who is hired by** (defendant) **to act on behalf of** (defendant)**, and whose actions are controlled by** (defendant) **or are subject to** (defendant's) **right of control. An employer is responsible for the negligence of an employee if the negligence occurs while the employee is performing services which [he] [she] was employed to perform or while the employee is acting at least in part because of a desire to serve [his] [her] employer and is doing something that is reasonably incidental to [his] [her] employment or something the doing of which was reasonably foreseeable and reasonably to be expected of persons similarly employed.**

**[But a person is not responsible for the negligence of an independent contractor or of the agents or employees of an independent contractor. An independent contractor is a [person] [business] engaged by another to perform specific work according to [his] [her] [its] own methods and whose methods of performing the work are not controlled by the person engaging [him] [her] [it] and are not subject to that person's right of control. Whether a [person] [business] is an independent contractor is to be determined on the basis of all of the circumstances of the parties' dealings with each other and not on <u>the basis of </u>the labels used by them.**

**A person is, however, responsible for the negligence of an independent contractor if [the independent contractor is an [actual] [or] [apparent] agent of that person], [the employer did not exercise due care in the [selection] [or] [retention] of the independent contractor] [or] [the employer undertook to perform the services resulting in the injury to** (claimant)**.]\***

*The bracketed language contained in the last two paragraphs is only to be used when there is a claim of independent contractor status. See *Carlisle v. Carnival Corp.*, 864 So. 2d 1 (Fla. 3d DCA 2003); *Villazon v. Prudential Health Care Plan, Inc.*, 843 So. 2d 842 (Fla. 2003). If an exception to independent contractor status is claimed, then the applicable portions of the following provisions should also be given.

**[**(Name) **is an agent if** (defendant) **authorized [him] [her] to act on** (defendant's) **behalf.] [**(Name) **is an apparent agent if, by words or conduct,**

(defendant) **caused or allowed** (claimant) **to believe that** (name) **was an agent of and had authority to act for** (defendant)**.] A person is responsible for the negligence of [his] [her] independent contractor if, at the time and place of the incident, the independent contractor was an [agent] [or] [apparent agent] of the employer and was acting within the scope of his or her [apparent] authority.***

*If the court determines that issues on both *actual agency* and *apparent agency* should be submitted to the jury, both bracketed sections should be used with appropriate transitional language.

**[In [hiring] [or] [retaining] another to perform services, the employer must exercise due care to assure that the person is competent to perform the services. A person is responsible for the negligence of [his] [her] independent contractor if, in [hiring] [or] [retaining] the independent contractor, the employer failed to exercise due care.]**

*Insigna v. LaBella*, 543 So. 2d 209 (Fla. 1989); *F.S.* 766.110.

**[When a [person] [facility] undertakes to perform services, [he] [she] [it] cannot transfer the obligation to perform those services to an independent contractor and remains responsible for the negligence of [his] [her] independent contractor.]**

As to nondelegable duties for treatment, see *Wax v. Tenet Health Systems Hospital, Inc.*, 955 So. 2d 1 (Fla. 4th DCA 2006); *Pope v. Winter Park Healthcare Group*, 939 So. 2d 185 (Fla. 5th DCA 2006); *Shands Teaching Hospital Clinic, Inc. v. Juliana*, 863 So. 2d 343 (Fla. 1st DCA 2003); *Irving v. Doctors Hospital of Lake Worth, Inc.*, 415 So. 2d 55 (Fla. 4th DCA 1982). There is, however, no civil liability under *F.S.* 458.320(2)(b) to ensure that staff physicians are financially responsible. *Horowitz v. Plantation General Hospital Limited Partnership*, 959 So. 2d 176 (Fla. 2007).

*(2).    Agency without claim of independent contractor:*

**whether** (name) **is an agent of** (defendant) **[**(name) **is an agent of** (defendant) **if** (defendant) **authorized [him] [her] to act on** (defendant's) **behalf.] [**(name) **is an apparent agent if, by words or conduct,** (defendant) **caused or allowed** (claimant) **to believe that** (name) **was an agent of and had authority to act for** (defendant)**.] A person is responsible for the negligence of an [agent] [or] [apparent agent] if at the time and place of the incident complained of the**

**[agent] [or] [apparent agent] is acting within the scope of [his] [her] [apparent] authority.**

NOTES ON USE FOR 402.9a(2)

*Roessler v. Novak*, 858 So. 2d 1158 (Fla. 2d DCA 2003); *Orlando Regional Medical Center v. Chmielewski*, 573 So. 2d 876 (Fla. 5th DCA 1990). If the court determines that issues on both *actual agency* and *apparent agency* should be submitted to the jury, both bracketed sections should be used with appropriate transitional language.

*b.      Joint venture:*

**whether at the time and place of the incident complained of,** (name) **was engaged in a joint venture with** (defendant) **and was acting on behalf of the joint venture and within the scope of its business at the time and place of the incident in this case. A joint venture exists when two or more persons combine their resources or efforts and agree to undertake some particular business transaction in which they have common interests in the purposes to be accomplished, joint control or right of control of the venture, joint ownership interest in the subject matter of the venture and a common right and duty to share in profits and losses. Each member of a joint venture is responsible for the negligence of another member if the other member's negligence occurs while [he] [she] is acting on behalf of the joint venture and to further the purpose of the joint venture.**

NOTE ON USE FOR 402.9b

*Arango v. Reyka*, 507 So. 2d 1211 (Fla. 4th DCA 1987).